## MARTIN, Administrator v. DORTCH.

1. A defendant when sued on a bond or note, is not compelled to plead *non est factum* generally, with an absolute affidavit. But he may if he elects so to do, state in a special plea the particular facts and circumstances which amount to a denial of the legal effect or validity of the bond, or deny the authority of the agent who made it.
2. Administrators as well as others, when they plead *non est factum* to a bond made by their intestate, must verify the plea by affidavit.
3. In such cases, an affidavit to the best of the knowledge and belief of the administrator, is sufficient
4. Though the bond be made in the body in the singular number, yet yet if several sign it, all are bound.
5. An obligation signed D H. [Seal.] *for* J H., T. R., J. W., is sufficiently executed as the bond of J. H, T. R. and J. W. by their agent; although there be but one seal; and it is not the individual bond of D. H
6. The imposing terms, or granting leave to withdraw a demurrer and to plead, is matter of discretion, and it is not error to grant such leave without costs.

THIS was an action of debt against Martin as administrator of Heslip, in the Circuit Court of Franklin county, on an instrument which on oyer, is set out as follows:

"$1583 33⅓    On or before the twenty-fifth day of December next, for value received, I promise to pay Isaac Dortch the sum of one thousand five hundred and eighty-three dollars thirty-three and one third cents, it being for bacon purchased from said Dortch. Witness, my hand and seal, this thirteenth day of March, 18:9.

DANIEL HUFF. [Seal.]

For *Joseph Heslip, Thomas Ramsey, Jenkin Whiteside.*
'Test, J. E. SUMERS."

JULY 1828.

Martin
v.
Dortch.

The declaration alleges that "the said Heslip, in his lifetime, by his certain writing obligatory of that date, executed by one Daniel Huff, the attorney in fact of said Joseph, for him the said Joseph, sealed with his seal, &c., bound himself to pay, &c."

The defendant filed several pleas. The second plea denied that Huff had any authority in writing under the hand and seal of the deceased to execute said writing, and tendered an issue thereon. To this plea the plaintiff demurred, and assigned for causes of demurrer that the defence amounted to the general issue, and that it was a virtual denial of the execution of the instrument, and was not verified by affidavit. This demurrer having been filed before the passage of the statute of 1824, was at the April term, 1824, sustained by the Court; and the plaintiff obtained leave to withdraw his demurrers to some of the other pleas of the defendant, and to reply to them. At the April term, 1825, the issues of the fact were tried and a verdict and judgement rendered for the plaintiff.

Martin assigned as error, that the demurrer to the second plea was wrongfully sustained; that the declaration alleged no sufficient liability against Heslip, and that the plaintiff should not have been permitted to withdraw his demurrers and reply without payment of costs.

W. B. MARTIN, for the plaintiff in error, argued that the second plea was good, and necessary to try the validity of Huff's authority; that the demurrer reached into the declaration, and that it was defective. The bond is set out on oyer, and becomes part of the record. The obligation is not that of the intestate, but that of Huff alone, and therefore no cause of action is shewn against the appellant as administrator. The seal must purport to be that of the obligor, and here it is not affixed in such manner as will bind the intestate. [a]

a 1 Bacon's Abr. title authority. 5 Bac. title obligation. 1 Bac. 319. 2 East 142. 5 East 148. 2 Bos. & Pul. 557. Comyn on Cont. 246, 253. 9 John. 334. Sugden on Vendors 36.

MARSHALL, for the defendant in error.

JUDGE SAFFOLD delivered the opinion of the Court.

THE judgement of the Court in sustaining the demurrer is one of the causes assigned for error. In the discussion of this assignment, the questions were presented whether the defendant below, *by special plea*, could deny the due execution of the instrument, or the authority of

the attorney in fact to represent him therein, or could it only be done in the common form of the plea of *non est factum;* and in either event can the defendant as the personal representative of the contracting party, avail himself of such defence, without making affidavit according to statute of the truth of the plea? The manner and circumstances under which a deed has been executed often involve questions of law as to its validity, and as to the sufficiency of the facts to sustain the plea of *non est factum.* It may frequently occur that the defendant is incompetent to determine the truth of the plea; yet he may safely swear to the facts relied on in support of it. Hence we are of opinion, as was ruled in the case of Tindall against Bright, [a] in this Court, that the defendant may by special plea, stating the circumstances, deny the legal effect or validity of the bond on which he is sued. To determine whether an executor or administrator is authorized to plead *non est factum* generally or specially, without accompanying his plea with an affidavit of its truth, reference must be had to the statute; [b] the language of which is found to be "that no plea of *non est factum* shall be admitted to be pleaded, but when accompanied with an affidavit of its truth."

The statute contains no qualification or exception as to persons, but applies to all pleas of that denomination. It is true that the representative may not possess information which will enable him to deny so absolutely the fact of execution, as the party if living might be required to do; yet he can safely swear to the best of his information and belief. This, it is conceived, would be sufficient. To permit representatives to deny the execution of such evidences of debt without restraint, and to subject the plaintiff in all such cases to the necessity of proving the due execution of the instrument by the deceased, and the authority of his agent or attorney when the contract purports to have been executed by one, and this on bare averment by plea, would produce all the inconvenience and difficulty which the statute designed to avoid. To require this proof only in case of conveyances and other instruments, where probate is necessary within a limited time after the execution, or at least on trial, whether the party be then living or not, is not a requisition subject to like objection; because the person interested is presumed to be prepared for it. But with respect to bonds and

notes whereby law proof is not necessary, unless there be a denial on oath, and where full confidence exists between the parties, the death of the debtor, and the unexpected requisition of this proof, would tend strongly to surprize and defeat the creditor.

It is further objected that the form of executing the bond is insufficient, for the reasons that the promise was made in the singular number, that the first signature thereto is the proper name of Huff, the attorney, that the only seal is immediately annexed to his name, and that the following words, "for Joseph Heslip," &c. do not vary Huff's responsibility, or constitute Heslip an obligor. Whether the promise be in the singular or plural, is believed to be immaterial; it applies to each person whose signature is covered by it, and under our statute binds them jointly and severally We hold it also immaterial whether the name of the agent or of the principal be first inserted, so that the capacity of each is sufficiently defined. In the case of Jones' devisees against Carter, [b] it is said to be "indifferent whether an attorney sign a deed, *B. W. attorney for R. C.*" or "*R. C. by B. W. his attorney.*" Here we find the signature of Huff *for* Joseph Heslip, &c. the word *attorney* or *agent* is not expressed, but is sufficiently implied. As to the seal, it is conceived to be quite sufficient, if several choose to adopt the same; provided it sufficiently appear that such was their intention. Here we think no other inference can be drawn, than that Huff intended by his signature and the seal annexed, to represent all the persons for whom he professed to act.

On the last assignment of error, it is remarked, that in permitting the plaintiff below to withdraw his demurrers to some of the defendant's pleas, and to reply without the payment of costs, there was no error. This was a matter in the discretion of the Court.

Judgement affirmed.

JUDGES TAYLOR and WHITE not sitting.