Skinner *vs.* W. & R. Gunn.

SKINNER *VS.* W. & R. GUNN.

1. A power given to an agent to sell a slave, implies a power to warrant the soundness of the slave.

2. But a warranty given by the agent in his own name, will not bind the principal, unless it be recognised and adopted by him.

3. The mere addition of the words "attorney for L. S." to his signature, by the obligor of a deed, cannot control the deed, and vary the obligations entered into.

Error to the Circuit court of Tuscaloosa.

Assumpsit on note, tried before *Chapman*, J.

Plaintiff in error, by his agent, Isaac Hughes, sold to defendant a negro, for which the note sued on was given. Defendants plead the general issue, and failure of consideration.

On the trial, plaintiff proved the note, and rested his case. Defendants then gave in evidence a power of attorney, from Skinner to the agent, and a bill of sale from the agent, warranting the soundness of the negro; and that the negro died shortly after the purchase. They also gave evidence conducing to prove that the negro was unsound at the time of sale.

Plaintiff asked the court to charge the jury—

1. That the power of attorney did not authorise the agent to bind plaintiff by a warranty of soundness.

2. That the warranty was not that of plaintiff.

This the court refused, and charged the jury, that the agent was authorised to warrant the soundness of the slaves, so as to bind his principal, and that the acceptance

9 P          39

of the notes by the principal, was a recognition of the acts of the agent. There was no proof that plaintiff knew that the agent had given a bill of sale with warranty. Verdict and judgment for defendant.

The action of the court was assigned as error.

*Clark,* for plaintiff in error.
*Phelan,* contra.

ORMOND, J.—Two points are made in this case by the counsel for the plaintiff:

1. That the authority given by the plaintiff in error, to Isaac Hughes, did not authorise him to give a warranty of soundness of the slave, which he was empowered to sell.

2. That in fact no such warranty was made.

An authority to do an act, must include power to do every thing usual and necessary to its accomplishment. Thus, an agent employed to get a bill discounted, may endorse it in the name of his employer, and bind him by such endorsement. So, an agent employed to sell a horse, may warrant him to be sound, that being usually done in such cases. But in either of the cases here put, the power of the agent might have been restrained by a prohibition to do the particular act.

The power in this case, is to sell and convey the negro in the name of the plaintiff, and the agent must, as an incident of that power, and in the absence of any prohibition, have the right to warrant the soundness of the slave, as that is a usual and ordinary stipulation in such contracts, and must therefore be implied to effectuate the

Skinner *vs.* W. & R. Gunn.

object of the power—(Fenn vs. Harrison, 3 Term Rep. 757; same case, 4 Term Rep. 177; Hilyear vs. Hawke, 2 Esp. Rep. 72; Alexander vs. Gibson, 2 Campbell, 555.)

The cases cited by the plaintiff's counsel, of Rossiter vs. Rossiter, (8 Wend. Rep. 494,) and Nixon vs. Hyserott, (5 Johns. Rep. 58,) do not militate against the position here taken. In the case in Wendell, the attempt was to bring the act of an agent within the scope of his power, by virtue of a general clause in the letter of attorney, with which the act done had no necessary connection. The case in 5 Johnson, was where authority had been given to sell lands and execute a conveyance, and the court held that the attorney was not authorised to bind his principal by a covenant—such power not being necessarily implied, in an authority to sell and convey lands.

To ascertain whether any warranty of soundness was in fact made, we must examine the terms of the warranty, which are as follows:

"Know all men by these presents, that I, Isaac Hughes, for and in consideration of the sum of one thousand dollars, have this day bargained, sold and delivered, unto William B. Gunn, a negro man named Ned, supposed to be thirty years of age; which negro I warrant to be sound in body and mind—and do further warrant and defend the right and title of said negro to the said William B. Gunn, his heirs, &c. for ever. In witness whereof, I have hereunto set my hand and seal.

(Signed,) "I. Hughes, [seal.]

"Att'y for Livingston Skinner."

In has been decided by this court, in the case of Mar-

tin vs. Dortch, (1 Stewart, 479,) that such an execution of a power as this, will be sufficient; but it is too clear to admit of doubt, that this is not the warranty of the plaintiff in error. There is no room left for doubt or construction; the agent does not attempt to bind his principal, but covenants in his own name, and the mere addition at the foot of the instrument, "att'y for Livingston Skinner," cannot control the deed, and vary the obligation entered into by Hughes in his own name—(See Wilkes vs. Back, 2 East, 143, and cases there cited.

The court also charged, that the acceptance of the note taken on the sale of the slave, and bringing suit thereof, was a recognition of the acts of the agent. It is stated in the bill of exceptions, that there was no proof that the plaintiff, when he accepted the note, knew that his agent had given a bill of sale, with warranty.

An adoption of, or acquiescence in the acts of an agent, with knowledge of the facts, will certainly bind the principal. The objection, therefore, urged by the counsel for the plaintiff, that the principal did not know when he *accepted* the note of the warranty made by his agent, is not conclusive, as he might have known it afterwards, and before suit was brought.

The charge of the court is, however, not strictly correct, as it assumes that receiving and suing on the note would be an adoption of the acts of the agent. Such recognition could only arise from a knowledge by the principal, of the acts of his agent, which knowledge such facts might conduce to prove, but the fact should have been left for the consideration of the jury.

The judgment must be reversed, and the cause remanded.