## STRINGFELLOW & HOBSON v. MARIOTT.

1. A witness was called by the defendant to prove notice by the plaintiff, of the unsoundness of a slave—Held, that he could not state what he had told the plaintiff's agent the slave had said of her unsoundness.

2. An agent is a competent witness for his principal.

3. A warranty in the following words : Received of J. S. one note of hand for twelve hundred dollars in full, for the purchase of a negro girl, aged twenty-two years. I warrant the said negro sound, in body and mind. I also warrant the right and title unto the said J. S. his heirs and assigns, forever.

(Signed)

S. R. MARIOTT,<br>For B. MARIOTT.

is the warranty of B. M., the principal.

Error, to the Circuit Court of Greene County.

ASSUMPSIT on a promissory note, by the defendant in error, against the plaintiffs in error.

Pleas: non assumpsit, fraud and deceit, in the sale of the slave, which was the consideration of the note and payment. Judgment for the plaintiff below.

The case is presented here by a bill of exceptions, which shows that the plaintiffs in error proved that the note sued on, was given on the purchase of a slave, by Stringfellow, sold to him, by S. Mariott, as the agent of the defendant in error, who. executed the following receipt or bill of sale: Received of James M. Stringfellow, a note of hand for twelve hundred dollars, in full for the purchase of a negro girl, Violet, twenty-two years old. I warrant the said negro to be sound in body and mind: and I also warrant the right and title unto the said James M. Stringfellow, his heirs and assigns, forever.

S. R. MARIOTT,<br>For BENJ. MARIOTT.

Nov. 17th, 1836.

And for the purpose of proving that the warranty of soundness of the slave, was false and fraudulent, having previously introduced other evidence tending to show that the slave was unsound at the time of the sale, the plaintiffs in error introduced a witness and offered to prove by him, that before the sale of the slave to the plaintiffs in error, the defendant in error by his agent, sold the said slave to the witness; that the witness kept her about four days, and then returned her to the agent, S. R. Mariott, and then informed him that the said slave, said she was unsound, and that he did not wish to keep her. This evidence, so far as it related to the declarations of the slave, was excluded from the jury, on motion of the counsel for the defendant in error.

The defendant then introduced the said S. R. Mariott, and offered to prove by him, that at the time of the sale of the slave to the plaintiffs in error, she was sound; which was objected to by the plaintiffs in error, on the ground that the witness was personally bound to the plaintiffs in error by the warranty, and liable for a breach thereof; but the court overruled the objection, and permitted the witness to testify. To all which the defendant below excepted, and now assigns for error, the several opinions of the court as set out in the bill of exceptions.

ERWIN, for the plaintiffs in error, cited—1 Starkie on Evidence 14, 15, 16, 17; and Skinner v. Gunn, 9 Porter 305.

JONES, for defendant in error, cited 1 Starkie Evidence 40, 41; 1 East 142; Martin v. Dortch, 1 Stewart 479.

ORMOND, J.—The counsel for the plaintiffs in error, concedes that the declarations of the slave would not be admissible to prove that she was unsound, but he insists that they should have been received to prove the *scienter* on the part of the vendor, evidence having previously been given of the unsoundness of the slave, and thus make out the defence of fraud.

The return of the negro by Horton the witness, who had purchased her previously to the plaintiffs in error, to the defendant's agent, was a fact which was evidence of the notice to the agent,

of the unsoundness of the slave, as it was at least sufficient to put him on inquiry, and if the slave was, in fact, unsound, the principal would have been affected by such notice to his agent; but the motives or reasons which influenced him, in returning the negro, on the allegation of unsoundness, were not evidence; for whether they were well or ill founded, would not alter the fact of the return for the alledged cause, the reasons or motives, then. were wholly immaterial and properly rejected.

Suppose that instead of relying on the declarations of the slave, as to her unsoundness, the witness had called in a physician, who, after an examination, had pronounced her diseased; it is most certain that this fact could not have been given in evidence by another for any purpose, it would be hearsay testimony—the declarations of the slave, who could not have testified herself, cannot stand on higher ground.

We understand from the bill of exceptions, that the witness was permitted to testify to the fact of the return of the slave to the agent, on the allegation of unsoundness, and was only precluded from stating the source of his information or belief—the declaration of the slave—in this, there was no error.

. The objection to the introduction of the agent, as a witness for the plaintiff below, is founded on his supposed interest in the event of the cause. It is not denied, that an agent may be a witness for his principal. but it is alledged that he gave his own warranty in this case, and did not warrant in the name of his principal.

Without stopping to inquire whether, even on that hypothesis, he would be interested, an examination of the warranty will show that the position is not tenable.

It is in these words:—"Received of James M. Stringfellow, one note of hand, for twelve hundred dollars in full, for the purchase of a negro girl Violet, aged twenty-two years. I warrant the said negro sound in body and mind. I also warrant the right and title unto the said James M. Stringfellow, his heirs and assigns, forever, 17th November, 1836.

> S. R. MARIOTT,
> For BENJ. MARIOTT."

It is certainly true that, to bind the principal it must appear with sufficient certainty that the agent intended to bind him, and although anciently, great strictness was required, it is now considered sufficient that it appear to be in the name of the principal, and the form employed as C. D., by A. B. his attorney, or A. B. for C. D. is immaterial. [Wilks v. Bach. 2 East 142.] This is also the doctrine of the case of Skinner v. Gunn, 9 Porter 305, although in that case we held that the principal was not bound, upon the ground that it was clear, the agent did not intend to bind his principal. The case of Martin v. Dortch, 1 Stewart, 479, referred to and approved in the case of Skinner v. Gunn, is in principle, precisely like the present case.

There is no error in the judgment of the court below, and it is therefore affirmed.