## DESHLER v. GUY.

1. An assignment in these words, "this note has been transferred to L. M. Guy by J. Weatherby" is sufficient to transfer the legal title to the note to Guy, if made by Weatherby, and being declared on as such, is under the statute of this State, *prima facie* evidence of the fact, unless the assignment is questioned by a sworn plea.

ERROR to the Circuit Court of Franklin.

This action was brought by the defendant in error as assignee, against the plaintiff in error as maker of a promissory note, of which one J. Weatherby was payee.

The defendant pleaded that the note sued on was executed by

him as the agent of the Tuscumbia, Courtland and Decatur Rail Road Company, and for slaves hired for the use of the company, and was taken, and accepted by the payee, as the note of the company. The plea was verified by affidavit. To this plea there was a demurrer, which the court overruled, and the plaintiff took issue on the plea. Upon the trial, the plaintiff offered in evidence to the jury, the note and endorsement on the back of the instrument, as follows: " This note has been transferred to Mr L. M. Guy by J. Weatherby." This being all the evidence offered by the plaintiff, the defendant's counsel moved the court to exclude the note and the endorsement from the jury; which motion the court overruled, and the defendant excepted.

Judgment being rendered for the plaintiff, the defendant prosecutes this writ, and assigns for error, the refusal of the court to exclude the testimony.

PECK, for the plaintiff in error.
COOPER, *contra*—cited 7 Porter, 454; 9 ib. 305.

ORMOND, J.—Wherever it is doubtful, from the face of the contract, whether it was intended to be obligatory on the person signing it, or to operate against, and be binding on, some third person as his principal, parol evidence is admissible to explain the instrument, and show the true nature of the transaction. [Lazarus v. Shearer, 2 Ala. Rep. 718.]

Such appears to be the character of the note in this case, and the issue to be tried by the jury was, whether the note was made by Deshler in his individual capacity, or as the agent of the Tuscumbia, Courtland and Decatur Rail Road Company, and so received by the payee: upon this issue, it is clear the *onus* was upon the plaintiff in error. *Prima facie*, the note bound him individually, and his plea was, that admitting such to be the *prima facie* intendment, the fact was otherwise, and was known to be so by the payee, when he received it; he therefore assumed the burden of showing that such was the fact. The making of the note by the plaintiff in error was a fact admitted by the pleadings; it was therefore unnecessary to read it to the jury as evidence, but the reading of it could not prejudice the defendant. The note was before the jury without a formal reading of it, to enable the plaintiff in error, by testimony, to explain and show in what charac-

ter it was made; it results therefore, necessarily, that it was not error for the court to refuse to exclude it from the jury.

The endorsement which was also read to the jury, is to the following effect: "This note has been transferred to Mr. L. M. Guy, by J. Weatherby." This endorsement, although not in the usual form, is certainly sufficient to transfer the legal title to the note, if it was made by Weatherby, who was the payee of the note. It is declared on as the assignment of Weatherby, and under our statute, did not require to be proved, unless the assignment was denied on oath. [Aik. Dig. 283.] No such plea was interposed, and the court therefore did not err in refusing to exclude it from the jury.

There is no error in the record, and it must therefore be affirmed.