Dawson v. Cotton.

## DAWSON *vs.* COTTON.

1. A sealed instrument, in these words : " Twenty days after date I promise to pay to J. T., or order, $442, value received. Given under my hand and seal," &c., and signed " B. W. [seal] agent for C. C." : *Held* the obligation of B. W. only, and therefore not admissible evidence against C., when unaccompanied with the offer of extraneous proof explanatory of it.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JOHN GILL SHORTER.

IN this action (Henry T. Dawson v. Cyrus Cotton) the writ was in *assumpsit,* and the declaration in *debt,* on a promissory note of which the following is a copy :—

" $442.    Twenty days after date I promise to pay to James Thompson, or order, four hundred and forty-two dollars, value received.   Given under my hand and seal, this 22d day of December, A. D. 1835.          Benjamin Watson [seal], ·
                    Agent for Cyrus Cotton, Sen."

The plaintiff declared as the endorsee of the payee ; and the defendant pleaded, *nil debet,* payment, and *non est factum,* the last plea being verified by affidavit.   On the trial, as the bill of exceptions discloses, the plaintiff offered in evidence the note declared on, with the endorsement thereon ; and the defendant objected to its introduction, " on the specific and single ground, that it was not, on the face of the note itself, signed and sealed in such a manner as to make the defendant

liable, but the agent only by whom it was executed (if any one) was liable. The court decided, that said note, on its face, was absolutely inadmissible before ˙the jury, and therefore sustained the objection to it, and excluded it from the jury ;" to which ruling of the court the plaintiff excepted, and was forced to take a nonsuit.

This ruling of the court is now assigned for error.

HOOPER & DUNCAN, for the appellant, cited the following cases : Martin v. Dortch, 1 Stew. 479 ; Skinner v. Gunn, 9 Port. 307 ; Stringfellow & Hobson v. Marriott, 1 Ala. 573.

JAMES E. BELSER, *contra*, cited Carter v. Doe *ex dem*. Chaudron, 21 Ala. 72 ; Skinner v. Gunn, 9 Port. 307 ; Oliver v. Dix, 1 Dev. & Bat. Eq. 162 ; Townsend v. Hubbard & Orcutt, 4 Hill (N. Y.) ˙351 ; Townsend v. Corning, 23 Wend. 442.

CHILTON, C. J.—The sole question in this case is, whether the note offered in evidence, unaccompanied with any offer of extraneous proof explanatory of it, was proper evidence for the jury : in other words, whether it created, *prima facie*, an obligation upon Cotton, the alleged maker. It is in these words :—

"Twenty days after date, I promise to pay to James Thompson, or order, four hundred and forty-two dollars, value received. Given under my hand and seal, this 22d day of December, 1835. (signed) Benjamin Watson [seal], Agent for Cyrus Cotton, Sen."

In Martin v. Dortch, 1 Stew. 479, a sealed instrument, executed substantially as the above, was held to be well executed by the person for whom the maker described himself as agent ; but this decision was virtually overruled in Skinner v. Gunn, 9 Porter 305, and (we think) cannot be regarded as a correct exposition of the law. We perceive no difference, in principle, between this case and that of Skinner v. Gunn, *supra*. True, in that case, the body of the instrument read, "I, Isaac Hughes, for and in consideration," &c., and concluded, "In witness whereof I have hereunto set my hand and seal"—(signed) I. Hughes [seal], attorney for Livingston Skinner ;" while in this case, the name is not put in appo-

sition with the pronoun. But it is too clear to admit of any doubt, that the pronoun stands for Watson, whose seal is attached, and who, in the attestation, says, "witness my hand and seal." It is, in our opinion, the seal and obligation of Watson, and the addition of "agent for Cyrus Cotton, sen.," must be regarded as descriptive of the person.—See Carter v. Doe ex dem. Chaudron, 21 Ala. Rep. 72, where the principle here involved is incidentally discussed, and a number of the authorities cited.—Story on Agency, § 151; Story on Contracts (3 ed.) §§ 141, 142. Whether a different interpretation might not be given to the instrument, if it had not been under seal, it is not necessary now to decide.

Let the judgment be affirmed.

RICE, J., having been of counsel, did not sit in this case.