## RONEY'S ADM'R *vs.* WINTER.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGAINST MAKER.]

1. *Note signed by agent, for principal, held prima facie contract of principal.* A promissory note, beginning thus, "Twelve months after date, *we* promise to pay," &c.; and signed thus, "For the Montgomery Iron Works, J. S. W., president, S. J., secretary,"—is, *prima facie*, the contract of the principal, and not binding on J. S. W. personally.

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. S. D. HALE.

THIS action was brought by William C. Roney, (and was revived in the name of his administrator,) against Joseph S. Winter; and was founded on a promissory note, of which the following is a copy:

"$390.        Montgomery, Ala., Jan. 1, 1855.
"Twelve months after date, we promise to pay Wm. C. Roney, or bearer, three hundred and ninety dollars, for the hire of Jim and Jerry for the present year. We are to feed the said negroes, and furnish them with the usual clothing; usual terms of hiring governing.
            "For the Montgomery Iron Works,
                    "J. S. WINTER, President,
                    "SANDERS IRVING, Secretary."

The record does not show what pleas were filed. On the trial, as appears from the bill of exceptions, the plaintiff proved the defendant's signature to this note, and then offered to read it to the jury; but, on the defendant's motion, the court excluded it. The plaintiff excepted to this ruling of the court; and was thereby compelled to take a nonsuit; and he now assigns the ruling of the court as error, and moves to set aside the nonsuit.

WATTS, JUDGE & JACKSON, for the appellant, cited Story on Agency, §§ 147, 154–57, 269, 270.; *Dawson v. Cotton,* 26 Ala. 591 ; *Bradlee v. Boston Glass Co.,* 16 Pick. 350 ; *Harwood v. Humes,* 9. Ala.. 659; *Lazarus v. Shearer,* 2 Ala. 718 ; *Gillespie v. Wesson,* 7 Porter, 454.

JNO. A. ELMORE, *contra.*

R. W. WALKER, J.—The rigid rule of the common law, which requires that a deed, executed by an attorney, for a principal, must be made and executed in the name of the principal, in order to operate as his deed, does not apply to instruments not under seal.—*Carter v. Doe d. Chaudron,* 21 Ala. 72, 83–7 ; *New England Marine Ins. Co. v. Dewolf,* 8 Pick. 56 ; *Andrews v. Estes,* 2 Fairfield, 267 ; *Robertson v. Pope,* 1 Rich. L. 501 ; Story Ag. § 148 ; 1 Am. Lead. Cas. (2d ed.) 609.

In reference to this latter class of instruments, the rule is, that if the name of the principal appears in the instrument, and it is evident from the writing, as a whole, that the intention was that the principal, and not the agent, was the person to be bound, the principal alone will be bound, if the agent had authority to make the agreement, although the instrument be signed in the agent's name only.—*Townsend v. Hubbard,* 4 Hill, 351, 357.; *Rathbon v. Budlong,* 15 Johns. 1 ; *Penty v. Stanton,* 10 Wend. 271 ; *Bradlee v. Boston Glass Co.,* 16 Pick. 347 ; *Robertson v. Pope,* 1 Rich. 501 ; *Abbey v. Chase,* 6 Cush. 56 ; *Hicks v. Hurde,* 9 Barb. 529.

The principle is thus stated, in *Key v. Parnham,* 6 Harris & Johns. 418 :—"Whenever, upon the face of an agreement, a party contracting plainly appears to be acting as the agent of another, the stipulations of the contract are to be considered as operating solely to bind the principal; unless it manifestly appears, by the terms of the instrument, that the agent intended to superadd or substitute his own responsibility for that of his principal. In such case, and in such case only, if acting within the scope of his powers, is he personally responsible."

Applying this principle to the present case, it is very

clear that the note offered in evidence did not, *prima facie*, bind Winter personally; and this conclusion is abundantly sustained by numerous decisions, in regard to instruments substantially indentical in form with the note here sued on. *Rice v. Gove*, 22 Pick. 158; *Long v. Colburn*, 11 Mass. 97; *Robertson v. Pope*, 1 Rich. 501; *Farmers' & Mechanics' Bank v. Troy Bank*, 1 Dougl. 458; *Emerson v. Prov. Hat Man. Co.*, 12 Mass. 237; *Ballou v. Talbot*, 16 Mass. 641; *Key v. Parnham*, 6 Harr. & Johns. 418; *Stringfellow & Hobson v. Marriott*, 1 Ala. 573; 1 Am. Lead. Cas. 624-7; *Rathbon v. Budlong*, 15 Johns. 1; 1 Parsons Contr. 48.

As the note, standing by itself, did not import an obligation on the defendant, and as it was not proposed to introduce any other evidence in connection with it, it was properly excluded.

Judgment affirmed.