## OAKLEY *vs.* THE STATE.

[INDICTMENT FOR BUYING, RECEIVING, OR CONCEALING STOLEN PROPERTY.]

1. *Proof of ownership of stolen property ; admissibility of parol to explain written receipt.*—A written receipt, acknowledging payment of the purchase-money for the stolen property by the person who is alleged in the indictment to be the owner, is the first step in the proof necessary to show title or ownership as alleged, and is admissible for that purpose ; if the receipt shows that the money was paid by another person, as agent of the alleged owner, parol evidence is admissible to show that the contract was made by the agent, not for himself, but for his principal; and the possession of the receipt by the principal is admissible evidence, as tending to show his ownership of the property.

2. *What constitutes larceny ; bailment, and rights of bailee.*—A contract by which the vendor of cotton stipulates with the purchaser that he 'will protect it from weather and stock as if it was still his own', and deliver it, when required, free of charge, at a specified railroad depot, constitutes the vendor the bailee of the purchaser, but gives him no power or authority to consent to the larceny or removal of the cotton

by another person; and if the cotton is stolen or removed by a third
person, the bailee's assent to the larceny or removal does not affect
the character of the act.

FROM the Circuit Court of Bibb.
Tried before the Hon. JOHN MOORE.

THE indictment in this case was found on the 20th April,
1866, and charged that the defendant, William D. Oakley,
"did buy, receive, conceal, or aid in the concealment of four
bales of cotton, the personal property of Isaac Milnen, of
the value of more than twenty dollars, knowing such per-
sonal property to have been stolen." No objection was
raised to the indictment, and the trial was had, at the Oc-
tober term, 1866, on issue joined on the plea of not guilty.
On the trial, as the bill of exceptions shows, "the State
proved the execution and delivery of an instrument of
writing," signed by Williamson Jones, and dated the 11th
day of April, 1863, in the following words : "Received of
John B. Hamilton, agent for Isaac Milnen, five hundred
and thirty-six 75–100 dollars, in payment for four bales of
cotton, weighing 2147 lbs., now stored at my own house ;
which I promise to protect from weather and stock, as if
it was still my own cotton ; and I further agree to deliver
the same, free of charge, when required, at the Centreville
depot on the A. and T. R. R. R. It is understood that I
am not responsible for accident by fire, capture by the Fed-
eral forces, or destruction by order of the government C. S.
A. to prevent Federal capture. Said cotton is to be marked
I. M., and weighs as follows," &c., specifying the weight of
the bales. "The State offered to read said instrument in
evidence, to which the defendant objected ; but the court
overruled his objection, and admitted said instrument in
evidence ; to which defendant excepted. The State intro-
duced one Josiah Kennedy as a witness, who testified, that
he was the agent of Isaac Milnen, and received said instru-
ment above described from said Isaac Milnen in a letter ;
to which evidence the defendant objected, and, his objection
being overruled, excepted. This was all the evidence as to
the ownership of the cotton. Williamson Jones and Au-
gustus B. Jones testified, that the cotton specified in said

instrument of writing is the same as that named in the indictment; that said cotton remained in an out-house on the premises of Williamson Jones, about four hundred yards from his dwelling-house in Bibb county, from the 11th April, 1863, until the 23d July, 1865, when it was stolen at night by said Augustus B. Jones, and carried to Ashley depot on the railroad, and delivered by him, on the 24th July, 1865, to the defendant. Said Augustus B. Jones testified, that he informed the defendant of the condition of the cotton; and both he and Williamson Jones testified, that said Williamson Jones knew nothing about the taking of the cotton, until after it had been taken and carried away as above stated."

"The court thereupon charged the jury, that before they could find the defendant guilty, they must be satisfied beyond a reasonable doubt—1st, that the offense, if any, was committed·in Bibb county ; 2d, that it was at or about the time stated by the witnesses ; 3d, that the cotton was the property of Isaac Milnen at the time it was stolen, and, to determine this question, that they could look at the instrument above copied and all other evidence in the case; 4th, that the defendant, at the time he received the cotton, knew that it was stolen, or that, after he had received it, he learned that it was stolen, and then concealed, or aided in the concealment thereof.

"There were some circumstances which might tend to show that Williamson Jones knew that the cotton was going to be stolen by Augustus Jones ; and the court thereupon charged the jury, that if they believed, from the evidence, that Williamson Jones had the bare and naked custody or charge of the cotton, without any special property therein, then he was not a bailee ; but, if they believed, from the evidence, that he had any special interest in the cotton, then he would be a bailee ; and that if he was a bailee, and the cotton was taken by his permission or consent, then the defendant would not be guilty.

"To the charges so given the defendant ·excepted, and then requested the court to instruct the jury, that Williamson Jones,·under said instrument of writing, was a bailee ; also, that the legal effect of said instrument was to vest the

title to the cotton in Hamilton. The court refused each of these charges, and instructed the jury, that while the title to said cotton, by said written receipt, might have been in Hamilton, they might look to said receipt and all other evidence in the case, to ascertain who was the owner of the cotton at the time it was stolen. To the refusal to charge as asked, and to the charge given, the defendant excepted."

JNO. T. HEFLIN, for the prisoner.
JNO. W. A. SANFORD, Attorney-General, *contra*.

A. J. WALKER, C. J.—The instrument of writing signed by Williamson Jones was the first step in the proof necessary to show a title as alleged in the indictment, and was, therefore, admissible in evidence. This instrument, containing the words, "Received of John B. Hamilton, agent of Isaac Milnen," was one which was susceptible of explanation by parol evidence, to solve the question whether it was a contract with Hamilton for himself, or as the agent of Isaac Milnen.—*Lazarus v. Shearer,* 2 Ala. 718 ; *Dawson v. Cotton,* 26 Ala. 591. The possession of the instrument by Isaac Milnen, as evidenced by its transmission in a letter from him to his agent, conduced to show that he was the real and true party in the contract, and that Hamilton was only his agent. The evidence of those facts, tending to show title as alleged, was properly received.

2. In the first charge given by the court there was no error. Williamson Jones was, by virtue of the contract of sale, the bailee of Milnen.—Story on Bailments, § 2. But the court committed no reversible error in failing so to charge. It was a charge that could not have aided the defendant, if it had been given. The consent of the bailee, to the larceny or asportation of the chattels bailed to him, can not take away from the transaction its character of larceny, unless it was given by the authority of the owner.—2 Bishop on Criminal Law, 827 ; *Hite v. State,* 9 Yerger, 198 ; *Rex v. Longstreeth,* 1 Moody, 137. By the bailment of his property, the owner was not divested of his right, nor was the bailee invested with the privilege of consenting to the larceny of the property. Trespass, as

against the owner, may result from a wrongful taking with the consent of the bailee.—*Spivey v. State*, 26 Ala. 90 ; *Hall v. Goodson*, 32 Ala. 277.

The charge which asserts that the chattel was not stolen if the asportation was with the consent of the owner's bailee, was incorrect, but too favorable to the defendant, and can not justify a reversal at his instance. In the giving and refusal of the other charges we find no error.

The judgment is affirmed.