## MONTGOMERY & EUFAULA R. R. Co. *vs.* TREBLES.

[ACTION BY INDORSEE AGAINST INDORSER ON A BILL OF EXCHANGE RE-ISSUED AFTER PROTEST.]

1. *Indorsement, denial of execution of, or authority to make ; how only can be taken advantage of.*—Since the adoption of the Code of 1852, an objection to an averment in a complaint against a corporation, that the defendant indorsed a bill of exchange by its president, A. S., involving a denial of the execution of, or want of authority to bind by, the indorsement, can only be taken advantage of, by plea verified by affidavit.

2. *Indorser before maturity, extent of liability for putting bill in circulation after dishonor; how and by whom ascertained.*—When an indorser before maturity puts a bill of exchange into circulation, after its dishonor, the nature and extent of his contract is a question of fact, to be ascertained by the jury, from his intention as shown by the evidence.

3. *Indorser; duty of, when indorser is liable only on second indorsement.*—If the indorser's liability is by virtue of his second indorsement only, the indorsee must demand payment of the acceptor, and give notice of his failure to pay, within a reasonable time, to be determined by the jury according to the evidence ; but if the indorser intended to stand in reference to the bill as an indorser whose liability was fixed, no subsequent demand and notice is necessary.

APPEAL from City Court of Montgomery.
Tried before Hon. THOMAS M. ARRINGTON.

The complaint in this case is as follows : " The plaintiff claims of the defendant five thousand dollars, due on a bill of exchange which was drawn by J. W. Echols, dated Montgomery, Ala., January 11th, 1860, and payable on the first day of January, A. D. 1861, for the sum of five thousand dollars, to the order of the president and directors of the Montgomery & Eufaula R. R. Co., which said company, by its then president, Arnold Seale, endorsed said bill after maturity thereof to the plaintiff, and after the same was duly protested, of which defendant had due notice, and said defendant thereby became liable to pay said bill and interest thereon. The said bill, with the accruing interest due thereon is still unpaid, and plaintiff avers that after the said bill was re-issued by the said company as aforesaid, the payment thereof was demanded of said Echols, who failed to pay the same, and notice of his said failure was given to said company before bringing this suit."

The defendant demurred to the complaint, assigning, among other grounds—

1st. That there is no averment that Seale had authority to indorse for the company.

2d. That the complaint does not show where payment was demanded after the re-issue of said bill and notice given. The court overruled the demurrer.

The bill of exceptions does not show that the overruling

·of the demurrer was excepted to, but the same is noticed both in the argument of counsel, and in the opinion.

On the trial of the cause, the plaintiff offered to read in evidence a bill of exchange corresponding with that described in the complaint, except that it was payable at the Central Bank at Montgomery, Alabama. It was indorsed "Arnold Seale, president," and also with the names of five persons, but these were erased by lines drawn through them with a pen, and the following words were written beneath them : "The above names erased and bill transferred to Noble & Brother, this day, 25th March, 1863. Joseph D. Hopper, Secretary."

The defendants objected to the admission of the bill with its indorsements, on the ground of variance between it and the one described in the complaint. The objection was overruled, and defendant excepted. The plaintiff, after proving due protest, notice, &c., proved by Tichenor that about the 16th of March, 1864, the said bill was transferred to him by Noble & Brother, in the same condition in which it then was ; that within about three weeks after obtaining the bill he demanded payment of Echols, and at the close of the war, in 1865, he notified the then president of the company that Echols had failed to pay it, and that he looked to the company for payment. Subsequently he transferred the bill to B. B. Davis. The plaintiff also proved that the indorsement on the bill, purporting to have been written by Joseph D. Hopper, was in his hand writing, and that he was secretary at the time it bears date, March 25th, 1863. The plaintiff then proved the transfer of the bill from Davis, by successive transfers, to himself.

This being all the evidence, the court, at the request of the plaintiff, charged the jury that if they believed the evidence they must find for the plaintiff. The defendant then asked the court to charge the jury, that "if they were satisfied the indorsement of the defendant was made before maturity, they must find for the defendant." This charge was refused. To the charge given, and the refusal to charge as requested, the defendant excepted, and now, with other objections to proceedings in the court below not necessary to be noticed, assigns the same for error.

WATTS & TROY, for appellant.
CHILTON & THORINGTON, contra.

B. F. SAFFOLD, J.—The bill of exceptions does not state that the appellant excepted to the overruling of his demurrer to the complaint because there were no averments of Seale's authority to indorse for the company, and of the place where payment was demanded after the re-issue. As these objections are argued by both parties, we will decide them.

The strongest authority cited by the appellant in support of his first ground of demurrer is found in the case of *May v. Kelly & Frazier*, 27 Ala. 497. There the averment was, that the captain of the steamboat accepted for the owners, and the court held that in declaring against the principal on a bill accepted by his agent, the authority of the agent to accept must be averred. It should be observed that this acceptance was made before the Code of 1852 went into operation. Under the law prior to the Code, the requirement of a sworn plea to deny the execution of an instrument, the foundation of the suit, was restricted to instruments purporting to be made by the defendant himself. As the *onus* of proving the exception was upon the plaintiff, when he alleged that it was done by an agent of the defendant, the averment of his authority to execute became necessary. The Code, however, expressly requires all pleas which deny the execution by the defendant, his agent, partner, or attorney, of any instrument in writing, the foundation of the suit, or the assignment of the same, to be verified by affidavit.—Rev. Code, § 2640. The form of the plea, prescribed by the Code, requires the pleader to aver that the instrument was not executed by him, or by any one authorized to bind him in the premises.—Rev. Code, p. 678. In the case under consideration the averment of the complaint is, the defendant indorsed the bill by its president, Arnold Seale. To this averment no objection can be taken by demurrer, nor can proof of its execution be required unless denied by a sworn plea.—*Roney, Adm'r, v. Winter*, 37 Ala. 277; *Ala. Coal Mining Co. v. Brainard*, 35 Ala. 476; *Deshler v. Guy*, 5 Ala. 186; *McWhorter v.*

*Lewis*, 4 Ala. 198 ; *Lazarus v. Shearer*, 2 Ala 718 ; *Fowlkes & Co. v. Baldwin, Kent & Co., ib.* 705 ; *Stringfellow & Hobson v. Mariott*, 1 Ala. 573 ; *Skinner v. Gunn*, 9 Por. 305 ; *Martin v. Dortch*, 1 Stew. 479.

The question of variance between the bill offered in evidence and the one described in the complaint, will receive solution in the consideration of the rights and obligations of the parties respecting the former bill.

At the instance of the Central Bank, this bill was protested at maturity, and due notice thereof given to the drawer and indorsers. Afterwards, about the 25th March, 1863, as appears by the writing of J. D. Hopper, the secretary of the defendant, the indorsement of the directors was erased and the bill transferred to Noble & Brother, and by successive transfers to the plaintiff. It is a fair presumption, if not actually proven, that the defendant had regained the bill after protest, and re-issued it. Was the indorsement prior to protest *ipso facto* extinguished by regaining the bill? Could the defendant only negotiate it again by another and distinct indorsement? If so, then, perhaps, the holder should again have demanded payment of the acceptor, and given notice of non-payment, within a reasonable time. This seems to have been the view taken by this court in the cases of *Branch Bank at Montgomery v. Gaffney*, 9 Ala. 153 ; *Adams, Adm'r, v. Torbert*, 6 Ala. 865 ; *Kennon v. McRea*, 7 Por. 175. Whether an indorser who again puts a bill into circulation after protest means to be bound by his second indorsement, or his first, on which his liability is fixed, seems to be a question of fact, to be determined by the jury according to the evidence. That he can make either agreement with his transferree is evident.

In the case of *Hullum v. The State Bank*, 18 Ala. 805, the defendant, Hullum, who was not a party to the bill before protest, indorsed it after the bank had acquired it, and after protest, at the instance of one of the indorsers whose liability was fixed. The court held that the nature and extent of his contract should be ascertained from his intention, as shown by the evidence, and thus *tested*, that he

intended to stand in reference to the bill as an indorser whose liability was fixed.

The bill of exchange in this case was transferred by the defendant, in March, 1863, to Noble & Brother, and by them in March, 1864, to Tichenor, who, three weeks afterwards, demanded payment of Echols, and in 1865, after the war, gave notice of his non-payment to the defendant. Whether a demand and notice after dishonor was necessary depends on the intention of the defendant in reissuing the bill.

The charge given by the court, at the request of the plaintiff, was erroneous in assuming to determine the exercise of due diligence on the part of the holder, and the nature and extent of the contract of the defendant, to be ascertained from his intention, as shown by the evidence. *Hullum v. The State Bank*, 18 Ala. 805 ; *Br. Bk. at Montgomery v. Gaffney*, 9 Ala. 153.

The bill offered in evidence was properly admitted. Its legal effect, as between the particular parties to the suit, was sufficiently stated in the complaint. After maturity and protest it was not requisite to present it again at the bank. The time at which that was to be done had passed, and there was no new appointment of any place where payment should be demanded. In *Puckett v. King, Upson & Co.*, the court says the note was not described according to its legal effect. The defendant had contracted to pay at a particular place on a stated day, and not absolutely and wherever the note might be presented to him.

The charge asked by the defendant was properly refused.

The judgment is reversed and the cause remanded.