(95 South. 812)

**BARNES v. BALL et al.  (6 Div. 859.)**

(Supreme Court of Alabama.   April 5, 1923.
On Rehearing, June 14, 1923.)

**Principal and agent ⟨⟩126(2), 136(2), 155(4) —Contract held not to disclose personal liability of agent, so as to authorize action thereon against him; remedy for wrongful holding out as agent is action for deceit.**

A contract for the sale of property, signed by defendant for two others, discloses no personal liability on the part of defendant, and therefore he cannot be held liable in an action of contract for executing the contract without authority; but the remedy is one in tort as for deceit, for holding himself out as agent when he was not such.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action by Walter E. Barnes against D. C. Ball and others. Judgment for defendants and plaintiff appeals. Transferred from the Court of Appeals under section 6 of the Act of 1911, p. 449. Affirmed.

The cause was tried upon the common count for work and labor done, and the plea of the general issue filed by the defendant.

Evidence for the plaintiff showed that he was a real estate broker, doing business in the city of Birmingham, and that he made a contract with D. C. Ball and George W. Hays, in substance, as follows:

"Walter E. Barnes—Dear Sir: I herewith inclose a description of property and authorize you to list same as per specifications given below. In consideration of your effecting a sale of this property or being instrumental in procuring me a purchaser, I will pay or cause to be paid to you out of the first payment on such sale, the following commission or commissions: 5% of sale price, this gives you exclusive sale,

"Date, April 17, 1920.

"Yours respectfully, Name: Geo. W. Hays.
                                "D. C. Ball.

"D. C. Ball told me this was O. K.  *   *   *

"Price: Entire property, $9,500; house and only one lot, $7,000.  *   *   *"

He testified that Ball told him he owned two-thirds of the property.

After execution of the contract, plaintiff advertised the property and received an offer which he referred to Ball. The party making the offer gave plaintiff $100; plaintiff took the same to Ball, who accepted it and signed the following paper:

                    "Birmingham, Ala., May 5, 1920.

"Received of Macke Real Estate & Investment Company ($100) one hundred dollars as earnest money and part purchase price of southwest corner of Avenue E and 40th street, said lot fronting about 140 feet on south side of said avenue, and extending back 140 feet to an alley, being lots 13, 14, block 26, Avondale Land Company survey. Said $100 to be returned in case titles are not approved in ten days by attorney of purchaser of said Macke Real Estate & Investment Company. Abstract of title brought to date to be furnished by us. Said purchase price to be $8,000 cash, of which said $100 is part payment. We agree that said Macke Real Estate & Investment Company are to hold $200 as their share of commission in making the deal, $200 additional of the 5% commission is to be paid Walter E. Barnes as his share of commission. If for any reason this deal is not closed through no fault of the owner, the purchaser forfeits the earnest money above mentioned.

            "[Signed]  D. C. Ball,
                          "For Mrs. Ball,
                          "For Mrs. Hays."

This instrument appears to have been filed for record in the office of the judge of probate, June 15, 1920, the following indorsement being subsequently entered on the margin of the record:

"For value received, the within option is hereby released and declared null and void. 8—24—20. Macke Real Estate & Inv. Co., by F. G. Macke, Agt."

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The plaintiff testified that he did not consent for Macke to enter satisfaction of the agreement on the record; that the sale for $8,000 was never consummated, but that the land was later sold by Ball and Hays and their wives, the deed reciting a consideration of $9,000; that plaintiff made demand on defendant for his commission, which was refused.

Evidence for the defendant was to the effect that the wives of Ball and Hays owned the property; that Ball did not tell plaintiff he was the owner of two-thirds thereof; that Ball accepted the $100 payment and signed the contract with the Macke Real Estate & Investment Company without submitting the same to his wife or Mrs. Hays; that thereafter when he submitted the matter they declined to execute a deed for the price of $8,000. Defendant Ball testified that when he told plaintiff the cause for not carrying out the sale agreement, plaintiff said "I don't blame you," and stated that the defendant did not owe him any commission.

In rebuttal, plaintiff denied making the statement to the effect that he waived his commissions.

The trial court gave the affirmative charge for the defendant; the jury returned a verdict for defendant, and there was judgment accordingly. Thereupon the plaintiff made a motion for a new trial, which motion the trial court overruled; and the plaintiff appeals, assigning as error the giving of the general charge for defendant, and overruling the motion for new trial.

C. C. Nesmith and Edgar E. Garrison, both of Birmingham, for appellant.

The court erred in giving the affirmative charge for defendant. 6 Ala. App. 239, 60 South. 602; 13 Ala. App. 442, 69 South. 228; 13 Ala. App. 533, 69 South. 331; 89 Ala. 262, 7 South. 115; 4 Minn. 126 (Gil. 83), 77 Am. Dec. 506; 21 Wis. 197, 91 Am. Dec. 468, 48 Ark. 188, 2 S. W. 703, 3 Am. St. Rep. 224; 47 Ohio St. 525, 26 N. E. 110, 12 L. R. A. 346, 21 Am. St. Rep. 846.

W. K. Terry, of Birmingham, for appellees.

When a party acts as an agent his acts are binding, if at all, upon the principal. 125 Ala. 172, 28 South. 91; Page on Contr. § 1779. The only remedy against one who undertakes to act as an agent without authority, or exceeds his authority, is an action on the case for deceit. 82 Me. 547, 20 Atl. 92; 10 Cush. (Mass.) 392; 83 Ill. 208. A real estate broker, who is only entitled to commissions upon performance of an expressed contract, cannot recover upon the common count for work and labor, unless he has performed all of the stipulations in the contract. 48 Ala. 34; 93 Ala. 470, 9 South. 534; 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52.

ANDERSON, C. J. The only theory upon which the plaintiff could be entitled to a commission for negotiating a sale of the property was under the second instrument executed by Ball for Mrs. Ball and Mrs. Hays to the Macke Real Estate & Investment Company, which was brought about by him, and which expressly provided that he was to receive $200 of the commission of 5 per cent., the other part to go to the Macke Company, as there was no pretense that he had sold the property or earned a commission under the first authority of sale. The sale having been brought about by the plaintiff and his compensation of $200 having been provided for, he was entitled to same, and, having nothing further to perform in the premises, could maintain an action upon the common counts for same, and was in no sense responsible for the subsequent release or cancellation of same, not having assented thereto or ratified the same.

The agreement as executed by Ball did not show upon its face that the 'same was made by him solely as the agent of his wife and Mrs. Hays. It is not signed by them personally or by Ball as agent but by him for them, and from aught appearing upon the face of same he was not acting solely and entirely as agent. If, however, the proof disclosed that he was acting only as their agent, the suit could have been maintained only against them, if the proof also showed that he had authority to bind them in the transaction, but there was evidence from which it could be inferred that he was not authorized to make the sale, and, if he failed to disclose his authority or exceeded same, he was answerable to the plaintiff personally. It is suggested, however, by appellee's counsel, citing certain cases from Maine, Massachusetts, and Illinois, that the only remedy the plaintiff would have against Ball for acting as agent without authority is an action on the case for deceit. There seems to be some confusion of authority as to when the plaintiff is confined to an action of tort or may maintain assumpsit against the purported agent (16 Enc. of Pl. and Pr. 906), but our court is committed to the rule that, if the contract shows a prima facie liability on the part of the agent, and he fails to show that it was made solely for another and with authority to do so, he may be sued in contract (Lazarus v. Shearer, 2 Ala. 718; Briel v. Exchange Nat. Bank, 172 Ala. 475, 55 South. 808).

The trial court erred in giving the general charge for the defendant, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.

## On Rehearing.

ANDERSON, C. J. Upon the original consideration of this cause, in holding that the contract or authority to sell dated May 5, 1920, did not exclude all personal liability against the purported agent, D. C. Ball, we seem to have collided with the early case of Stringfellow v. Mariott, 1 Ala. 573, which said case was overlooked by the court. The instrument here and the one there considered are so similar that we must accept the ruling in said case that this contract discloses no personal liability against D. C. Ball. This being the case, the plaintiff could not maintain the action in contract against said Ball, but is remitted to one in tort as for deceit, for holding himself out as agent when he was not such agent. Lutz v. Van Heynigen, 199 Ala. 620, 75 South. 284. The former opinion, appearing above, reversing this case, is withdrawn, and the judgment of reversal is set aside, and the judgment of the circuit court is affirmed.

Rehearing granted, and affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.