STUDEBAKER BROS. MANUFACTURING COMPANY v. MONTGOM-ERY, *Appellant.*

1.  **Corporation**: PLEADING: ESTOPPEL. One who executes a note to a payee bearing a corporate name, thereby admits it to be a corporation, and in an action against him on the note cannot dispute the fact thus admitted.

2.  **Promissory Note**: SIGNING AS ADMINISTRATOR. An administrator who signs a note, describing himself as administrator, becomes personally liable, unless he expressly stipulates to pay out of the estate only.

*Appeal from Adair Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED.

*James M. DeFrance* for appellant.

*Harrington & Cover* for respondent.

NORTON, J.—This suit was commenced in the Adair county circuit court to recover judgment on a note for $353.20, executed to plaintiff and signed by defendant, "M. S. Montgomery, as administrator, as surviving partner of M. & M." Defendant in his answer denies that plaintiff was a corporation, denies that defendant executed the note, except as thereinafter stated, and then alleges "that one Carlistus H. Marine and this defendant were doing business under the firm name of Montgomery & Marine, and that said firm had been doing business with Studebaker Bros., and that there was an unsettled account between

Montgomery & Marine and Studebaker Bros., and that before October, 1872, said Marine died, and this defendant was appointed administrator of the estate of said Montgomery & Marine, by the proper court, by reason of this defendant being a surviving partner of said firm, and that one ———, who was agent of said Studebaker Bros., on the 23rd day of October, 1873, came to defendant and claimed that said Montgomery & Marine owed said Studebaker Bros. the sum of $353.20, and desired that said amount be allowed by defendant as administrator of said estate of Montgomery & Marine, and that defendant signed said note simply as a memorandum that there was due from said estate said sum, with the distinct understanding and agreement that the said instrument here sued on was to have the same effect that an allowance by the probate court would have, with a view of saving the costs and expense of presenting said claim to said probate court against said estate for allowance, and that said note was not to be considered or treated as the note of this defendant, nor except as a statement by the administrator of said estate, that that sum had been allowed against said estate by him in favor of Studebaker Bros., and that at that time the defendant refused to give his individual note for said claim, and would not sign any note until the agreement aforesaid was made, and that when he signed said note, ' M. S. Montgomery, as administrator, as surviving partner of M. & M.,' it was understood between the parties thereto as above set out that said note was not regarded as a note of this defendant, but a simple memorandum, showing that the administrator of said estate and said Studebaker Bros. had agreed on that sum as the indebtedness of said estate to them." The court, on motion of plaintiff, rendered judgment notwithstanding the answer, from which the defendant has appealed, and assigns as error, 1st, That the court erred in not requiring proof that plaintiff was a corporation; 2nd, That the note sued on was signed by defendant

as administrator, as surviving partner, and was intended as a memorandum and was to be so treated.

First, Defendant having given the note to plaintiff in its corporate capacity, thereby admitted it to be duly con-

1. CORPORATION: pleading: estoppel. stituted as a corporation, and will not be heard to dispute the fact thus admitted. *Ohio & Miss. R. R. Co. v. McPherson* 35 Mo. 13; *Farmers & Merchants' Ins. Co. v. Needles*, 52 Mo. 17.

Second, An administrator who signs a note describing himself as administrator, does not limit his liability unless

2. PROMISSORY NOTE: signing as administrator. he expressly confines his stipulation to pay out of the estate. Edwards on Bills, p. 78. The principle governing such cases is laid down in 2 vol. Parsons on Bills and Notes, page 6, as follows: "An administrator, like any other trustee, will be held by his indorsement, although he add to his name the word 'executor' or 'administrator,' unless he say expressly that recourse is to be had not to him but only to the estate of the deceased." The cases of *McClellan v. Reynolds*, 49 Mo. 312, and *Smith v. Alexander*, 31 Mo. 193, cited by defendant's counsel in support of his position, are inapplicable to the facts in this case. In both of them the facts disclosed a principal for whom the agent was acting, and, therefore, it was that the agent was held not to be responsible. In the case before us defendant was not acting in the capacity of an agent. He admits in his answer that the note was executed to plaintiff for a balance due them by the firm of Montgomery & Marine. For the payment of such balance he was bound in law individually as well as in his capacity as partner of said firm. We think the judgment is for the right party, and perceiving no error, hereby affirm it, in which all the judges concur.