CIRCUIT COURTS. 555

Elektron Mfg. Co. v. Jones Bros. Electric Co.

---

## PLEADING.

1 Dec.
692

[Hamilton Circuit Court, January Term, 1894.]

Smith and Swing, JJ.

### *ELEKTRON MFG. CO. v. JONES BROS. ELECTRIC CO.

1. SUFFICIENT ALLEGATION OF CORPORATE CAPACITY.
   Plaintiff's description of itself in the caption as a corporation, but not in the body of the petition is an allegation of corporate capacity good against demurrer.
2. UNDER GENERAL DENIAL, RIGHT OR CAPACITY TO SUE CANNOT BE RAISED.
   A general denial of the cause of action in the answer will not avail the defendant to bring in question the right or capacity of the plaintiff to maintain its action; if this is desired, a special plea in the nature of a plea of abatement should be made.
3. ANSWER ADMITTING EXECUTION OF NOTE PRIMA FACIE EVIDENCE.
   In an action by a foreign corporation on a note, an answer admitting the execution of the note is a *prima facie* admission of the plaintiff corporation's capacity to contract and to sue.

ERROR to the Court of Common Pleas of Hamilton county.

SWING, J.

This was an action in the court of common pleas by the plaintiff in error against the defendant in error, on a note, of which the following is a copy:

"CINCINNATI, Sept. 12, 1890.

"Four months after date, we promise to pay to the order of The Elektron Mfg. Co. three hundred and fifty-eight dollars. Value rec'd. Payable at bank here.

"THE JONES BROS. ELECTRIC CO.,

"$358.00. *Per* W. H. JONES, President."

*The judgment in this case was affirmed by the Supreme Court in 54 O. S., 659; unreported.

Plaintiff, also for a second cause of action, set out an indebtedness on account.

Defendant answered, admitting the execution and delivery of the note as set out in the petition, but alleged payment. Also, by way of counterclaim, he set up matter as a defense, and by way of a cross-petition, asked for damages. The answer further said that defendant denied each and every allegation not therein admitted.

Plaintiff introduced evidence tending to prove the allegations of its petition, and rested; and thereupon the defendant moved the court to instruct the jury to return a verdict for the defendant, upon the ground that the plaintiff had failed to present any testimony to show that plaintiff was a corporation under the laws of the state of New York, which motion the court granted. For this action of the court, error is prosecuted in this court.

The petition was in this form: *The Elektron Manufacturing Co.,* a corporation under the laws of New York, plaintiff, v. *The Jones Bros. Electric Company,* a corporation under the laws of Ohio, defendant.

There was no allegation in the body of the petition as to the corporate existence of either the plaintiff or the defendant. In our judgment it was error in the court to instruct the jury to return a verdict for the defendant for the reason given.

We think the caption is in the nature of a *descriptio personae,* and forms no part of the allegation which sets forth plaintiff's cause of action; and a general denial will not avail the defendant to bring in question the right or capacity of the plaintiff to maintain its action; if this is desired, a special plea in the nature of a plea in abatement should be made.

It further appears to us that the defendant having by its answer admitted that it had signed the note set out to the Elektron Mfg. Co., that that was a *prima facie* admission that the plaintiff was a corporation, with capacity to contract and to sue, and that it would require affirmative evidence on the part of the defendant to rebut this, provided that there was such an issue raised in the pleadings. See 74 Mo., 101.

The judgment of the court of common pleas will therefore be **reversed** and the cause remanded for further proceedings.

*Campbell & Warner,* for plaintiff in error.

*Pogue, Pottinger & Pogue,* for defendant in error.