# Briel *v.* Exchange Nat. Bank.

*Assumpsit.*

(Decided April 20, 1911; Rehearing denied, June 27, 1911.
55 South. 808).

1. *Bills and Notes; Liability; Parol Evidence; Signatures.*—Where a note is signed in the name of a corporation with the names of individuals followed respectively by the words "Prest." and "Mgr." it imports prima facie a personal liability on the person so signing, but the intent so to do may be altered by pleading and proof.

2. *Same; Pleading; Promise to Execute.*—An allegation that the defendant, president of a corporation, refused to guarantee on certain proposed terms the notes and loans made by the bank to the corporation, but stated that he would sign any paper in connection with the notes or loans which the bank held against the corporation, was not an averment that the defendant agreed to sign the particular note on which suit was brought, but only an allegation

of a negotiation for additional security which failed to ripen into a contract.

3. *Evidence; Admissions; Implication from Silence.*—The fact that the defendant, who was president of the corporation failed to make any response in a conversation with a subordinate as to the affairs of the corporation, in which said subordinate expressed the opinion that the defendant was liable personally on certain notes of the corporation of an earlier date, evidencing the then indebtedness of the corporation to plaintiff's bank, which notes had been endorsed by the defendant, was not admissible as an admission, as there was no occasion for a denial.

APPEAL from Montgomery City Court.

Heard before Hon. WM. H. THOMAS.

Assumpsit by the Exchange Nat. Bank of Montgomery against Fred C. Briel. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STEINER, CRUM & WEIL, for appellant. Independent of the evidence showing the note to be a corporate note, the note on its face clearly showed it to be such and it was incapable of being varied or contradicted by parol evidence.—*Liebscher v. Kraus,* 17 Am. St. Rep. 171; *Falk v. Moebs,* 127 U. S. 597; *Sparks v. Despatch Co.,* 12 L. R. A. 714; *Alabama Nat. Bank v. Rivers,* 116 Ala. 1; section 4977, Code 1907. The court erred in permitting proof of the fact that Briel did not respond when it was suggested by a subordinate of the corporation that he was liable on a note.

BALL & SAMFORD, for appellee. In the first place we insist that the note was the personal obligation of Briel as the word "Prest" was simply descriptio personis.— *Agee v. Williams,* 27 Ala. 644; *Macey v. Howard,* 91 Ala. 133; *Lucas v. Pittman,* 94 Ala. 619; 70 Ia. 591; 78 Me. 309; 17 Ind. App. 531; 1 A. & E. Ency. L. 1043; 10 Cyc. 1044; *Richmond L. & M. Works v. Moragne,* 119 Ala. 83. Parol evidence is admissible to show whether or not the parties intended to be bound.—*Richmond L.*

& M. Works v. Morgane, supra; Baker v. Gregory, 28 Ala. 550; Drake v. Flewellen, 33 Ala. 106.

SAYRE, J.—This is a suit on a promissory note. Omitting a waiver of exemptions and a provision for an attorney's fee in the event of default in payment at maturity, as not material to any question raised, the note offered in evidence read as follows:

"Montgomery, Ala., May 24, 1909.

"Four months after date, without grace, we promise to pay to the order of the Exchange National Bank, $2,500.00, twenty-five hundred and no/100 dollars, at the Exchange National Bank, Montgomery, Alabama, value received.

"Briel Shoe Co.
"Fred C. Briel, Prest.
"J. H. Taylor, Mgr."

It will be observed that the body of the note does not disclose the identity of those intending to bind themselves thereby—that is to be learned from the signature or signatures. Appellee, plaintiff below, has not involved itself in any denial of the liability of the Briel Company, shown to be a corporation. Its contention is that Briel, the sole defendant, when he signed the note, intended to pledge his personal responsibility for its payment. The case was tried in the court below on the theory that it was competent for the plaintiff to show such intention by evidence dehors the note, and it is argued here that on its face the note purports to evidence the personal obligation of Briel, or that, at its worst for the plaintiff, it is ambiguous and may be construed by the evidence to be the personal undertaking of Briel. There is a line of cases, decided in other jurisdictions, which hold that this note imports unambiguously the liability of the corporation and none other.—Liebscher

*v. Kraus,* 74 Wis. 387, 43 N. W. 166, 5 L. R. A. 496, 17 Am. St. Rep. 171, and cases cited. It was held in *Heffner v. Brownell,* 75 Iowa, 341, 39 N. W. 640, cited by appellee, that a note like this showed conclusively the joint liability of the corporation and of the individuals who signed it.

The rule for such cases, which has long prevailed in this court, is that the note imposes, prima facie, a personal liability upon the defendant, subject, however, to be shifted by pleading and proof.—*Lazarus v. Shearer,* 2 Ala. 718; *Baker v. Gregory,* 28 Ala. 544, 65 Am. Dec. 366; *Drake v. Flewellen,* 33 Ala. 106; *May v. Hewitt,* 33 Ala. 161; *Collins v. Hammock,* 59 Ala. 448. See, also, *Swarts v. Cohen,* 11 Ind. App. 20, 38 N. E. 536; *Brunswick-Balke Co. v. Boutell,* 45 Minn. 21, 47 N. W. 261. This rule does not at all impinge upon the other rule that the use of such words as "president," "manager," and the like, following individual signatures, there being nothing to indicate of what or whom they are officers or agents, nor anything in the body of the instrument to render it doubtful, does not open the way for evidence aliunde, but that such words are to be disregarded as being merely descriptive of the persons of the signers. In such cases the individuals are unequivocally responsible.—*Richmond Locomotive Works v. Moragne,* 119 Ala. 80, 24 South. 834. Section 4977 of the Code of 1907 is in accord with these doctrines of our adoption, and is declaratory of the law as it has always been in this state.

In view of the decisions heretofore made in this court, count 2 will be held good.

Count 5 abandons, for the purposes of that count, the theory that the note shows on its face the personal liability of Briel. It proceeds for a breach of Briel's promise to join in the execution of the note which was exe-

cuted by the Briel Company. The count shows a request by plaintiff for defendant's personal guaranty of the Briel Company's indebtedness, then past due, on terms not disclosed; defendant's refusal to guarantee on the terms proposed; and his representation—it can hardly be called a promise—that he would be "glad to sign any paper in connection with the notes or loans" which the plaintiff had made to the Briel Company, an engagement too uncertain to be made the basis of legal obligation. It was not a representation that defendant would sign the particular note described in the count as afterwards executed by the Briel Company. In other words, the count alleges nothing more than a negotiation for additional security which failed to ripen into contract. This count was bad for this reason, and probably for others which might be assigned.

There was error in permitting the plaintiff to show that defendant stood mute when the witness Winchester expressed his opinion to the defendant to the effect that defendant was personally responsible on certain other notes of earlier date evidencing the then indebtedness of the Briel Company to the plaintiff, and which had been "indorsed" by the defendant. The witness had said that he thought the defendant was personally responsible. Admissions implied from silence are received with great caution at best, and are never received unless the statement was of such character, and made under such circumstances, as naturally to call for a reply.—*Abercrombie v. Allen*, 29 Ala. 281. The rule of caution is especially applicable where the statement is made by a stranger to the controversy, for then it may have been considered by the person addressed as lacking in materiality or pertinence.—*Larry v. Sherburne*, 2 Allen (Mass.) 34. We do not understand why Briel, when discussing the affairs of his corporation with a

subordinate officer, should feel called upon to respond to the expressed thought of his subordinate in respect to his personal liability. It does not appear that there was any controversy between the witness and defendant in respect to defendant's personal liability nor that defendant violated any rule of duty or courtesy by neg·lecting to reply.—*Whitney v. Houghton,* 127 Mass. 527. Nor does it appear that the statement was relevant. The fact to which the witness referred when expressing his thought involved a transaction antedating the execution of the note in question and one in which the defendant had engaged differently. In that case, the statement is that he had "indorsed" the notes. There could hardly have been any controversy at ·that time as to the capacity in which defendant later signed the note in suit.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.