# Sales-Davis Co. *v.* Henderson-Boyd Lumber Co.

## *Assumpsit.*

(Decided June 3, 1915.   Rehearing denied June 30, 1915.
69 South. 527.)

1. *Evidence; Power of Attorney; Parol.*—Parol evidence may be introduced to show whether a power of attorney was executed by a lumber company authorizing a person to make insurance contracts in its behalf.

2. *Corporations; Powers and Liability; Ultra Vires.*—There is no clearly defined principle of law which determines whether a particular act is ultra vires or not, and the courts have gradually enlarged the implied power of ordinary corporations until they may do almost anything than an individual may do, provided the state, or its stockholders and creditors do not object.

3. *Corporations; Contracts.*—To bind either of them a contract between two corporations must be within the power of both.

4. *Same; Ultra Vires.*—Where the action was by a lumber company, a member of a lumberman's insurance association, to recover of another member the proportion due from the defendant on a policy issued to plaintiff by the Association by one holding a power of attorney in fact from the defendant, the question whether the exercise of such power of attorney by defendant was ultra vires, could not be tested by demurrer, as it could be determined only by a consideration of the several charters under the laws of the respective states granting incorporation to the members of the association.

5. *Same; Powers; Insurance.*—Under subdivision 7, section 3481, Code 1907, a corporation may make a contract of purchase for necessary or reasonable insurance on its plant and property, including raw materials and finished products.

6. *Judgment; Confession; Attorney in Fact.*—A provision of a power of attorney in fact authorizing an attorney to confess judgment is void under the express provision of section 4296, Code 1907.

7. *Contract; Illegality; Relief.*—A contract which cannot be enforced without the aid of a void provision is wholly void; but if it may be enforced without the aid of such provision, the right of recovery thereon is not affected.

8. *Insurance; Foreign; Report to Commission.*—Section 4581, Code Code 1907, does not apply to policies between individuals or members of an association, and does not render unreported insurance of that character void, in the absence of any provision to that effect.

[Sales-Davis Co. v. Henderson-Boyd Lumber Co.]

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by the Sales-Davis Company against the Henderson-Boyd Lumber Company. Demurrer to complaint sustained, and plaintiff appeals. Transferred from the Court of Appeals of Alabama under section 6, Act April 18, 1911 (Gen. Acts 1911, p. 449). Reversed and remanded.

The complaint is for the proportion due by the defendant on a fire insurance policy issued to plaintiff by the Lumbermen's Inter-Insurance Association, executed by Wallace Pratt, Jr., as attorney in fact, and containing the usual stipulations and provisions of an ordinary insurance policy, with the exceptions as indicated in the opinion. It is then alleged that, at the time said policy of insurance was issued by the said Wallace Pratt, Jr., he had full written legal power and authority to issue said insurance policy and deliver same to plaintiff, and thereby bind the defendant, as a member of said Lumberman's Inter-Insurance Association, to all of the terms, conditions, and stipulations in said policy, and that under such authority said Pratt did in fact deliver said policy to plaintiff, and at the time, on, to wit, the 5th day of June, 1908, plaintiff and defendant with the other said corporations hereinbefore mentioned, were members and subscribers of said Lumbermen's Inter-Insurance Association, and as such members and subscribers were and still are bound by all the terms, liabilities, stipulations, and requirements contained in said insurance policy, and plaintiff and defendant, with the other corporations, were such members and were so bound on the 21st day of October, 1908; that on the said 21st day of October, 1908, all of said property embraced in said insur-

ance policy and insured thereunder was destroyed by fire, and the defendant has had notice of the said fire and the said loss attendant thereon; that under said policy defendant insured plaintiff against loss or injury by fire for the term of one year, commencing on the 14th day of June, 1908, and ending on the 14th day of June, 1909; that at the time said policy was issued to and delivered by said Lumbermen's Inter-Insurance Association to plaintiff, the defendant was a member of and subscriber to said Lumbermen's Inter-Insurance Association, and carried a policy in it, issued in the same way, in the same terms and conditions, and had and received from plaintiff the same agreement on its part to pay to defendant as plaintiff now claims from the defendant on said policy; that plaintiff was a member and subscriber to said mutual agreement between it and the other members and subscribers, including the defendant, of said Lumbermen's Inter-Insurance Association, and was so bound to insure as such member, and did insure as such members, the property of defendant against loss by fire; that South Port, on St. Andrews Bay, Fla., and Anderson, Fla., are one and the same place; that the entire property insured and set out in said policy was wholly destroyed by fire, and defendant's proportionate loss of liability to plaintiff is $1,000; and plaintiff avers that on said 21st day of October, 1908, the day said loss by fire accrued, the liability of defendant for insurance was $1,000, which was the same proportion to the total liability assumed under said policy as the amount of yearly premiums payable by defendant bore to the total amount of premiums in force at the date of said loss as shown by the books of said Wallace Pratt, Jr., attorney in fact as aforesaid. Wherefore, plaintiff sues. The demurrers raised the questions discussed in the opinion.

ESPY & FARMER, and W. W. SANDERS, for appellant.

RILEY & CARMICHAEL, for appellee.

THOMAS, J.—In this case the defendant demurred
to the amended complaint. The demurrers were sus-
tained, and, plaintiff declining to plead further, judg-
ment was rendered for defendant. The questions pre-
sented are: (1) Does the complaint show that the pow-
er of attorney to Wallace Pratt, Jr., was executed by
appellee? (2) Does it appear that the execution of such
power was ultra vires? And (3) do the facts alleged
show that appellee was liable under policy No. 1278
of the Lumbermen's Inter-Insurance Association, on
which the suit is brought?

(1) The complaint recites the formation of the Lum-
bermen's Inter-Insurance Association, the participation
therein of the Henderson-Boyd Lumber Company and
of the appellant, and the appointment by each of them
of Wallace Pratt, Jr., as its lawful attorney to con-
summate the intention and purpose of the association,
and its participation therein, and sets out the power
of attorney so authorizing Pratt to act as such attor-
ney in fact, together with the policy of insurance on
which the suit is brought. Whether the power of at-
torney was executed by the Henderson-Boyd Lumber
Company may be shown by parol evidence.—*Breil v.
Exchange Nat. Bank*, 172 Ala. 475, 55 South. 808;
*Drake v. Flewellen*, 33 Ala. 106; *Lazarus v. Shearer*,
2 Ala. 718. The demurrer directed to this phase of the
complaint was improperly sustained by the trial court.

The real question presented is whether the purpose
shown by the power of attorney and by the contract
of insurance sued on, is within the corporate power of
the several members of the association, including the

appellant and the appellee, each of whom was a corporation operating sawmills and making lumber. It was a mutual association of distinct corporate entities, with the object and purpose of insuring each other against fire loss—all being engaged in the same hazardous business. The complaint sets out in full the power of attorney to Pratt as executed by defendant company, proviso 1 of which reads as follows: "That no contract shall be made in our behalf which binds us jointly, it being expressly understood and agreed that the liability of each subscriber to the Lumbermen's Inter-Insurance Association shall be several, and not joint, and that the amount of such several liability of each subscriber shall, on each policy, bear the same proportion to the total liability assumed under such policy as the amount of the yearly premium payable by such subscriber bears to the total amount of premiums in force at the date of loss under such policy, as shown by the books of our attorney in fact. Separate accounts are to be kept by said attorney with each subscriber. All accounts are, however, open to the inspection of each and every subscriber."

(2) Of the question of ultra vires we may observe that the tendency of judicial construction is well stated by Cook on Corporations (6th Ed) pp. 1059-2062, as follows: "There is no clearly defined principle of law that determines whether the particular act is ultra vires or intra vires. The courts are becoming more liberal, and many acts which 50 years ago could have been held to be ultra vires would now be held to be intra vires. The courts have gradually enlarged the implied powers of ordinary corporations, until such corporations may do almost anything that an individual may do, provided the state and the stockholders and credit-

[Sales-Davis Co. v. Henderson-Boyd Lumber Co.]

ors do not object."—*Curtis Land Co. v. Land Co.,* 137 Wis. 341, 118 N. W. 853, 129 Am. St. Rep. 1075; *Swedish Am. Bk. v. Koebernick,* 136 Wis. 473, 117 N. W. 1020, 128 Am. St. Rep. 1090.

(3, 4) It is well established that contracts between two corporations, in order to bind either of them, must be within the powers of both.—*Central O. & F. Co. v. Capital Dairy Co.,* 60 Ohio St. 96, 53 N. E. 711, 64 L. R. A. 395; *Anglo-American L. Co. v. Lombard,* 132 Fed. 721, 68 C. C. A. 89; *L. & R. Co. v. Kentucky,* 161 U. S. 677, 16 Sup. Ct. 714, 40 L. Ed. 849; *Clarke & Co. v. Parker & Co.,* 131 Mich. 139, 91 N. W. 134; 3 Thomp. on Corp. § 2806. Whether the making of the power of attorney in question was ultra vires could be determined only by a consideration of the several charters under the laws of the respective states granting incorporation to the members of the Lumbermen's Inter-Insurance Association. This cannot be tested by demurrers to the complaint.

(5) The complaint alleges that the plaintiff and the defendant are both incorporated under the laws of the state of Alabama. See section 3481 of the Code, et seq., where are defined the powers of corporations, including the power to make and use a corporate seal (subdivision 2), the power to dispose of corporate property in such manner as may be necessary or convenient for the efficient construction, operation, or maintenance of corporate works, the power to make and enforce rules and regulations for the conduct and management of corporate business, or, as the purposes of the particular corporation may require, to mortgage, pledge, or otherwise transfer or convey its real and personal property to secure the payment of money borrowed or any debt contracted, etc. (subdivision 3). This

last is a broad power, which may be extended to the making of contracts or purchase of necessary or reasonable insurance on plant and properties, including raw materials and finished products.

(6, 7) The further objection is made against the power of attorney under review, that it authorized the attorney in fact to confess judgment. Under section 4269 of the Code, a provision in a contract authorizing the confession of judgment before the commencement of suit was declared void. The only judicial reference we find to this section is in *Jemison v. Freed,* 161 Ala, 598, South. 52, where Mr. Justice Sayre said: "Such powers are now void." It was not decided that the entire contract was void, but only the unauthorized provision as to confessing judgment. The rule in this state is that, if the contract cannot be executed without the void provision, the whole will be declared void. If the right can be established without the void stipulation, the right of recovery is not affected by the illegal clause. —*Gen. Electric Co. v. Ft. Deposit,* 174 Ala. 179, 56 South. 802; *Chapman v. County of Douglas,* 107 U. S. 348, 2 Sup. Ct. 62, 27 L. Ed. 378.

It is well settled by many authorities that an obligation rests upon persons and corporations obtaining the money or property of others without authority of law or independent of any statute to do justice by the opposite party; that it is a duty to restore the property, or, if it has been used, to render an equivalent therefor.—*Allen v. LaFayette,* 89 Ala. 641, 8 South. 30, 9 L. R. A. 497; *Marsh v. Fulton,* 10 Wall. 676, 19 L. Ed. 1040; *Louisiana v. Wood,* 102 U. S. 204, 26 L. Ed. 153; *Pimental v. San Francisco,* 21 Cal. 352; *Clark v. Co. Com'rs,* 9 Neb. 516, 4 N. W. 246; *Paul v. City,* 22 Wis. 266, 94 Am. Dec. 598; *Bridge v. Frankfort,* 18 B. Mon.

(Ky.) 41. Here fire insurance was procured, and protection was had, upon liability incurred by the other associated corporations. The rule declared in *Yarbrough's Adm'r v. Avant*, 66 Ala. 526, by Chief Justice Brickell, has application: "The test by which to ascertain whether a contract, assailed as illegal, is capable of enforcement, is whether the plaintiff requires the aid of the illegal transaction to support his case. When his rights can be established without the aid of the illegal transaction, it does not affect them."

See *Gen. Elec. Co. v. Town of Ft. Deposit, supra.*

This rule was reaffirmed by Mr. Justice Anderson in *Ellis v. Batson*, 177 Ala. 313, 317, 58 South. 193. See, also, *Gunter v. Leckey*, 30 Ala. 591. In the last-mentioned case Chief Justice Rice said: "If he is unable to establish his claim, * * * without relying upon such illegal sale, or if he requires any aid from it to establish his case, he cannot recover in a court of law."

This rule he supports by the earlier case of *McGehee v. Lindsay*, 6 Ala. 16, 22, and *Harris v. Runnels*, 12 How. 79, 13 L. Ed. 901.

It will not be held that, because the one clause of the contract authorizing confession of judgment before suit was void, the whole contract was void. The questioned clause referred only to a summary remedy for collection in event of loss by fire. It was not an exclusive remedy. The courts of the several states where the members of the Lumbermen's Inter-Insurance Association were incorporated or domiciled were open for an appropriate proceeding on the policy of insurance. The void clause did not affect this remedy by suit. It could not authorize a confession of judgment against an Alabama corporation.

(8) The further objection is made. that section 4581 of the Code was not complied with. It is as follows:

"Any person who may desire to place his insurance in foreign companies not authorized to do business in this state may place such insurance, but the person placing such insurance shall at once make return of his action in this behalf to the insurance commissioner, together with one per cent. on the gross premiums paid on the insurance so placed, and it shall be lawful under such contracts of insurance for any person to adjust a loss under the same."

This provision of the statute does not apply to policies between individuals or members of an association. It does not even declare void a policy with any insurance company. Its object was the collection of a revenue of "one per cent. on the gross premiums paid on the insurance as paid." The violation of the insurance statutes, intended to protect the citizen, does not render policies void, unless the statute so provided.— *Meridian Life Insurance Co. v. Dean,* 182 Ala. 127, 62 South. 90.

In *Sunflower Lumber Co. v. T. Supply Co.,* 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20, Mr. Justice Anderson, quoting from Clark on Contracts, 385, and the opinion of Baron Parke in *Smith v. Mawhood,* 14 Mees. & W. 452, declared the rule to be that if the statute was not to prohibit a contract, but merely to provide for collection of the revenue, the agreement is not void if no specific penalty is imposed, but that, if the conditions are made for the benefit of the public, agreements that do not comply with the statuory conditions are void. How could it be said that the public was benefited or injured by the writing of such mutual insurance? As Baron Parke said, "if the object of the legislation was not to prohibit a contract of sale by dealers who have not taken out a license pursuant to the

[Lauderdale v. McAllister.]

act of Parliament," but only to impose a penalty on the party, offending, for the purpose of revenue, the contract was not void. The English statute required a license to do the business; here the taking of the insurance is permitted by the statute, and the insured is only required to "at once make return of his action in this behalf to the insurance commission, with one per cent. on the gross premiums paid." If the insurance policy was, when it was issued, binding on all the members in Alabama, Mississippi, Louisiana, and Florida, how could it be said to become void, under section 4581 of the Alabama Code, by failure of one member to report it to the insurance commission of the state of Alabama, with remittance of the proper revenue?

For the error of the trial court in sustaining defendant's demurrers, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.