WILLIAM R. FAY, APPELLEE, V. WILBUR W. DAY, APPEL-LANT.

FILED JUNE 23, 1921. No. 21661.

1. **Trusts:** CONTRACTS BY TRUSTEE. A trustee contracting for the benefit of a trust is personally and individually bound by the contracts which he makes as trustee, unless he stipulates that he is not to be personally responsible, but that the other party is to look solely to the trust estate.

2. ———: ———: LIABILITY. If a trustee chooses to bind himself by a contract for the benefit of the trust estate, he is liable at law for a breach thereof in the same manner as any other person, even if the other contracting party knew it was for the benefit of the trust estate.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Affirmed on condition.*

*M. V. Beghtol* and *C. E. Sanden*, for appellant.

*Fred C. Foster, O. K. Perrin* and *S. M. Kier*, contra.

Heard before LETTON, DAY and DEAN, JJ., GOOD and RAPER, District Judges.

RAPER, District Judge.

This cause was begun in the county court of Lancaster county by the plaintiff against Wilbur W. Day and Cooperative Garage Delivery, and on issue joined the county court found for plaintiff against defendant, Wilbur W. Day, and in favor of the Cooperative Garage Delivery. The defendant Day appealed.

Fay v. Day.

In his petition in the district court, the plaintiff alleges that defendant Day and persons unknown to plaintiff have and are doing business of transporting freight for hire by motor transportation between Lincoln, Nebraska, and other towns in the vicinity, under a trust agreement; that defendant Day entered into a verbal contract with plaintiff, under which plaintiff was to act as field manager of the business conducted by said defendant; that plaintiff, in compliance therewith, performed the service of field manager for 13 weeks and 2 days, at a salary of $25 a week, and an expense account of $12.50 a week; that plaintiff, while in said employment, under a verbal agreement with defendant Day, advanced certain sums of money for the use and benefit of said defendant; that plaintiff had received from said defendant Day and collected from freight transportation certain amounts, and asks judgment against defendant Day for balance. To this petition the defendant answers by general denial. Trial was had, with verdict and judgment for plaintiff, and motion for new trial was overruled.

It is disclosed in the evidence that the defendant Day and others formed or attempted to form an association of persons, not partners, neither were they incorporated, to carry on a system of freight transportation by motor trucks with Lincoln, Table Rock, and other towns in the vicinity, and the defendant Day and some two or three other persons were purporting to act as trustees to hold the property of the association and carry on the business for the company. It has been referred to by some of the parties in the case as a common-law trust. We are not concerned with the legal effect of this arrangement, for it is undisputed that the defendant Day was acting as one of such trustees, and was in general charge and control of the business at the time plaintiff alleges the agreement was made between himself and the defendant Day, and that they were endeavoring to put such system of freight transportation into effect. There is a very sharp conflict of testimony as to whether any agreement was made by

Mr. Day, and, if so, whether Mr. Fay did not agree to undertake the employment without any liability on Mr. Day's part. The jury on this issue found for the plaintiff, and the evidence is sufficient to sustain the verdict on that proposition. Under the law and the verdict, the defendant Day is liable personally on the contract.

The first two assignments of error relate to the giving of instructions No. 4 and No. 7. Instruction No. 4 is to the effect that a trustee who contracts, as such, is personally bound by the contracts he makes as such trustee, and if he desires to protect himself from individual liability on such contracts he must stipulate that he is not to be personally responsible, but that the other party is to look solely to the trust estate. No objection is made to this instruction as a legal proposition, but appellant claims it applies only to express contracts, and insists that plaintiff is suing on an implied contract, and therefore the instruction is inapplicable. Whether or not such distinction exists between express and implied contracts need not be considered, because under the plaintiff's petition and his testimony he is relying upon an express contract. The amount of salary and expenses were not agreed upon at the time of the employment, but the contract of employment itself was entered into by plainly expressed words according to the averments of the petition and the appellee's testimony. The fact that the parties later agreed upon the amount of salary and expenses does not change the contract into an implied one. The instruction seems to have been given under the authority of *Taylor v. Davis' Admx.*, 110 U. S. 330, and correctly states the law. See, also, *Johnson v. Leman*, 131 Ill. 609; *Roger Williams Nat. Bank v. Groton Mfg. Co.*, 16 R. I. 504; 39 Cyc. 333, and cases cited.

Instruction No. 7 perhaps may have been worded with a little more clearness as to the right of the jury to determine whether plaintiff had received the item of $308.47, but in general terms it states the proper measure of plaintiff's recovery. There was no objection to the in-

Fay v. Day.

struction, nor exception taken, and the defendant offered none other. If he desired a further direction to the jury he should have tendered such instruction as he deemed necessary. The instructions as a whole fairly submitted the issues.

There was no error in refusing to admit exhibit 6 in evidence. This exhibit was simply a legal opinion by an attorney, giving his views of the liability of the shareholders and officers in the trust. If the plaintiff knew its contents, it would not in the least affect his right of recovery.

The third assignment, that the verdict is not sustained by the evidence, raises a more serious question. Plaintiff's petition contains 50 distinct items of money paid out for defendant's use and benefit, and the verdict is for the full amount of each of these items, less the $165.25 which plaintiff admits he received.

To questions 168 and 169 plaintiff gave some testimony as to items: $10 for automobile to come in and get repairs (presumably this item is the one in petition as 6-20, to car for repairs to Lincoln $10) ; 6-19 Abe Fuller, $4.50; $100 for labor; labor on truck 4-30, $11.50. This was stricken out on motion of defendant, and there is no other evidence on these items. Besides these items are the following that have no testimony to support them: 3-10, to 10 gals. gasoline $2.80; 4-6, to 12 gals. gasoline $3.36; 4-16, to tapping out clutch $.25; 4-25, to expense on worn gear, $2.31; 4-25, to labor and expense of expert $8.70; 4-25, to extra labor $3.50; 5-19, to 10 gals. gasoline $2.80; 6-27 to 7-17, telephone, long-distance calls $3.90; 5-27 to 6-19, long-distance calls, $6.93; 3-23 to 4-19, long-distance calls, $5.44; 3-17, long-distance call, $.61; 2-8, long-distance call, $.61; discount on two bonds, $1.82. All of these must be disallowed. These items amount to $169.03. The total of the 50 items claimed is $586.85, from which should be deducted $169.03, and the $169.25, admitted payment, leaving a balance of $248.57 on the claims for money paid out, and plaintiff is entitled to

interest on this from December 25, 1919, at 7 per cent., and he is entitled to his claim for salary and expenses, $497.05, and interest at 7 per cent. from June 13, 1919, making plaintiff's total amount $787.13. The verdict was for $975.83, and is excessive in the sum of $188.70.

It is surprising that persons should keep accounts in so lax a manner as did both the parties in this case, particularly when they are transacting business for other people. The testimony of plaintiff as to the credit claimed by defendant of $308.47 is not very lucid. He had given credit apparently on one of the statements for this sum, and his explanation of that is not entirely clear, but it was such as to satisfy the jury, and on that item there is sufficient evidence to sustain the jury's finding.

If the plaintiff will remit from the judgment the sum of $188.70 within 20 days, the judgment is affirmed, with costs in this court taxed to plaintiff; otherwise, the cause stands reversed and remanded for new trial.

AFFIRMED ON CONDITION.