(111 So. 7)

## COTTON v. COURTRIGHT.　(1 Div. 384.)

(Supreme Court of Alabama.　Dec. 16, 1926.
Rehearing Denied Jan. 20, 1927.)

1. **Appeal and error** ⊂⇒987(4) — **Supreme Court reviews evidence in cases tried without jury.**

Supreme Court must review evidence in cases tried without a jury.

2. **Appeal and error** ⊂⇒1008(3)—**Rule that trial judge heard and saw witnesses will not be applied to support judgment where part of evidence was by deposition.**

Where part of evidence was by way of depositions, rule that trial judge heard and saw witnesses will not be applied to support judgment.

3. **Evidence** ⊂⇒418—**Prima facie personal liability on maker of note may be shifted by pleading and proof.**

Where note imparts prima facie personal liability on maker, his liability may be shifted by pleading and proof.

4. **Bills and notes** ⊂⇒518(1)—**Note by makers as executors held to discharge burden of proving that it was payment on legacy provided for in will.**

Note, showing on its face that it was signed by makers as "executors of his estate" as payment on legacy, discharges the burden of proof that it was payment as provided in will, since words "executors of his estate" referred to such estate.

5. **Bills and notes** ⊂⇒123(2)—**Executors were not personally liable on notes evidencing indebtedness in representative capacity for legacy.**

Executors, evidencing indebtedness in representative capacity for legacy by notes, incurred no higher duty than that of trustee and were not personally liable thereon.

6. **Money received** ⊂⇒1—**Law implies promise to pay only when one person has and withholds money belonging to another.**

The law implies promise to pay only when one person has and withholds money belonging to another, which in equity and good conscience he has not right to retain.

7. **Bills and notes** ⊂⇒90—**On pleading and proof of want of consideration of personal obligation for notes given by executors in representative capacity, judgment was properly rendered for executors.**

In suit against executors on notes given in satisfaction of legacy in representative capacity, judgment was properly rendered for defendants under pleading and proof of want of consideration for their personal obligation.

8. **Evidence** ⊂⇒418—**Executors signing note in representative capacity may, show intention was not to give and deliver note as personal obligation.**

Where executors signed note in representative capacity, they are entitled to show that intention was not to give and deliver personal obligations.

9. **Evidence** ⊂⇒418—**Parol evidence is admissible to show whether contract not under seal was personal engagement or obligation of some third person.**

Parol evidence is admissible to show true character of transaction when it is doubtful from the fact of contract, not under seal, whether it was intended to operate as personal engagement of party signing it, or to impose obligation on some third person as his principal.

10. **Bills and notes** ⊂⇒123(2)—**Recitals in note by executors held to sufficiently disclose principal to release executors from personal liability (Code 1923, § 9048).**

Recitals in note given by executors in representative capacity as payment on legacy *held* to sufficiently disclose principal so as to exempt executors from personal liability under Code 1923, § 9048.

11. **Evidence** ⊂⇒178(6)—**Testimony that letter was lost held to raise proper predicate for introduction of secondary evidence thereon.**

Testimony that search had been made for letter without finding it *held* to sufficiently raise proper predicate so as to warrant introduction of secondary evidence thereon.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Maggie B. Cotton against John R. Courtright. From a judgment for defendant, plaintiff appeals. Affirmed.

It appears that William O. Daly and John R. Courtright, as executors of the estate of William J. Daly, deceased, executed some 75 promissory notes of $40 each, payable to "Mollie, Maggie and Bessie Burke," in satisfaction of a legacy made by said William J. Daly; that 43 of said notes were paid; that subsequently William O. Daly, one of the executors, and Mollie and Bessie Burke, two of the legatees, died; and that Maggie Cotton, formerly Maggie Burke, acquired the interest of her sisters in the unpaid notes. It further appears that a part of the corpus of the estate was a grocery business which was operated by the executors after the death of the testator. On the trial witnesses for defendant testified as to a letter written by the plaintiff to defendant's coexecutor, after the notes were sent to the legatees, and that a search had been made for the letter without finding it. Said witnesses were permitted, over plaintiff's objection, to testify as to the contents of the letter; the substance of the letter, as testified, being that plaintiff stated that she had discussed the matter with her sisters and that they were willing to accept the notes in settlement of their claim and to depend upon the success of the grocery business to pay them, and with the understanding that it was to come out of the grocery business.

·G. C. Outlaw, of Mobile, for appellant.

The notes in suit imposed a personal liability on defendant and his coexecutor. Bartlett v. Jenkins, 213 Ala. 510, 105 So. 654; Kirkman v. Benham, 28 Ala. 501; Christian v. Morris, 50 Ala. 585; Daily v. Daily, 66 Ala. 266; Godbold v. Roberts, 20 Ala. 354; Sanford v. Howard, 29 Ala. 684, 68 Am. Dec. 101; Jones v. Dawson, 19 Ala. 672; Johnson v. Gaines, 8 Ala. 791. Evidence varying by parol the liability fixed by law was improperly received. Ford v. Southern Motor Co., 208 Ala. 170, 93 So. 902; Little v. People's Bank, 209 Ala. 620, 96 So. 763. The consideration was valuable and ample to support the notes. Christie v. Durden, 205 Ala. 571, 88 So. 667; Orr v. Stewart, 13 Ala. App. 542, 69 So. 649; 13 C. J. 343; Hughes v. Young, 25 Ala. 483; Martin v. Black, 20 Ala. 309. No proper predicate was shown for the introduction of secondary evidence of the alleged letter from plaintiff to the deceased coexecutor. Laster v. Blackwell, 128 Ala. 143, 30 So. 663; Porter v. Watkins, 196 Ala. 333, 71 So. 687; McGuire v. President, etc., 42 Ala. 589; Bogan v. McCutchen, 48 Ala. 493.

Inge & Bates, of Mobile, for appellee.

Where the testimony is given ore tenus, either wholly or in large part, the findings of the court will not be disturbed on appeal unless plainly contrary to the weight of the evidence. Briel v. Exchange Nat. Bank, 180 Ala. 576, 61 So. 277; Maisel v. State, 17 Ala. App. 12, 81 So. 348; Finney v. Studebaker, 196 Ala. 422, 72 So. 54. Although a note may prima facie impose a personal liability on the maker thereof, this liability may be shifted by the pleading and proof. Briel v. Exchange Nat. Bank, 172 Ala. 475, 55 So. 808. It being doubtful whether it was intended to operate as a personal engagement of the defendant, parol evidence to show the true character of the transaction was admissible. Lutz v. Van Heynigen, 199 Ala. 620, 75 So. 284; May v. Hewitt, 33 Ala. 161; Lazarus v. Shearer, 2 Ala. 718; Little v. People's Bank, 209 Ala. 620, 96 So. 763. It being shown that unsuccessful search had been made for the letter, testimony of its contents was admissible.

THOMAS, J. [1, 2] The trial without a jury resulted in a judgment for the defendant. We must review the evidence. A part thereof was by way of depositions, and the rule that the trial judge heard and saw the witnesses will not be applied to support the judgment. Hodge v. Joy, 207 Ala. 198, 92 So. 171; Finney v. Studebaker Corp., 196 Ala. 422, 72 So. 54.

The complaint consisted of counts based on the notes and the common counts for money had and received. The pleas were the general issue, non est factum, payment, and want of consideration.

[3] Where a note imparts a prima facie personal liability on the maker, this liability may be shifted by pleading and proof; that is, when it is doubtful from the face of the contract not under seal whether it was intended to operate as a personal obligation of the party signing. Briel v. Exchange National Bank, 172 Ala. 475, 55 So. 808; Sales-Davis Co. v. Henderson-Boyd Lumber Co., 193 Ala. 166, 69 So. 527; Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620, 75 So. 284; Barnes v. Ball, 209 Ala. 618, 95 So. 812; Little v. People's Bank, 209 Ala. 620, 96 So. 763.

[4] Each note shows on its face that it was signed by the "executors of his estate, Wm. O. Daly and John R. Courtright," "as payment (as the case may be) on legacy of William J. Daly." When the two statements are taken together, it discharges the burden of proof that it was a payment on the legacy provided for in Mr. Daly's will and the words, "executors of his estate," referred to the said Daly estate. No other conclusion could be reached when it is undisputed that Courtright owed no other money to either of the Misses Burke, the payees and indorsers of the notes.

[5] Plaintiff insists that the executors had no authority to bind the estate by the notes and thereby become personally liable. Such would have been the rule had the said executors sought to create a debt or obligation against the estate. Here the will provided for the legacy and indicated the installment payments; and in representative capacity, the executors were liable for payments out of the properties of the estate. If the executors evidenced that indebtedness by notes, no higher duty as trustees or different obligation was incurred, and no consideration moved to said makers thereof, that would sustain a promise individually that may be enforced to satisfaction, out of the estate of the individual. Christie v. Durden, 205 Ala. 571, 88 So. 667.

[6] The law implies a promise to pay only when one person has and withholds money belonging to another, which in equity and good conscience he has not the right to retain from such other. Here, the testator requested the withholding for the purpose of installment payments.

[7] In the case at bar there is no consideration for the personal obligation of Courtright and Daly, and since Courtright the sole defendant, pleaded non est factum and want of consideration, and as the evidence established his plea of want of consideration, the court very properly rendered judgment in his favor.

In Briel v. Exchange National Bank, 172 Ala. 475, 55 So. 808, the note was signed as follows:

"Briel Shoe Co.
"Fred C. Briel, Prest.
"J. H. Taylor, Mgr."

It was there contended that Briel and Taylor bound themselves personally; a conclusion which they denied. This court declared:

"The rule for such cases, which has long prevailed in this court, is that the note imposes, prima facie, a personal liability upon the defendant, subject, however, to be shifted by pleading and proof."

[8] Under this rule the defendant was entitled to show that it was never his intention to give and deliver to the plaintiff his personal obligation.

[9] We believe this rule to be of service in reaching a correct conclusion in the case at bar. To repeat, when it is doubtful from the face of a contract, not under seal, whether it was intended to operate as a personal engagement of the party signing, or to impose an obligation upon some third person as his principal, parol evidence is admissible to show the true character of the transaction. Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620, 75 So. 284; May v. Hewitt, 33 Ala. 161.

The question of an undisclosed principal cannot arise in this case for the reason that the note shows clearly on its face that it was signed by the executors as executors and was in payment of a legacy.

In the case of Richardson Bros. & Co. v. Fields, 124 Ala. 535, 26 So. 981, the note was given for services rendered by one Lovett to the Blount College Company, a corporation. The makers of the note were the directors of the College Company, and there was no consideration for the note except the obligation of the company to Lovett. The note was in these words:

"One day after date we promise to pay J. A. B. Lovett, or bearer, two hundred and eighty-four and 35/100 dollars, value received for services rendered as president of Blount College, Session 1890–1891.
    "Joseph F. Hendricks, Pres. Board.
    "V. Warren, Sec.
    "R. Nation.
    "A. E. Fields.
    "W. F. Wood."

The action was against Warren, Nation, and Fields. It was said:

"Among other pleas filed by the defendant in this case was the plea of a want of consideration. The evidence, without conflict, shows that the note, the foundation of this suit, was given for an antecedent debt of the Blount College Co., a body corporate, to the payee, J. A. B. Lovett, for services which had been rendered by said Lovett as a teacher for said company. There was no new consideration moving to the defendants, the makers of this note. The mere promise, as in this case, of the defendants to pay the debt of another, on no other consideration than the debt, is a nudum pactum, no matter what form the promise may assume. [Cases there cited.] * * *

"This view of the case renders it unnecessary to consider other assignments of error based upon other pleadings in the cause. The evidence being without conflict as to a want of consideration of the note, under this phase of the defense, the affirmative charge requested by the defendants was properly given."

In short, Courtright and Daly had done no more than evidence, by writing, the provisions of the will for, and the obligation of the estate to, plaintiff and her sisters.

The provisions of the statute were:

"Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of the principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." Code 1907, § 4977; Code of 1923, § 9048.

[10] The principal was disclosed by the recitals of the note.

[11] The proper predicate was laid for the introduction of secondary evidence of the contents of a letter from Mrs. Cotton to William O. Daly.

We discover no reason to disturb the finding of the circuit court and judgment rendered.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.