## SOPER v. POINTER.

### No. 7018.

Circuit Court of Appeals, Fifth Circuit.

Nov. 27, 1933.

HUTCHESON, Circuit Judge, dissenting.

---

A. J. Harris and Norman W. Harris, both of Decatur, Ala., for appellant.

S. A. Lynne, of Decatur, Ala., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellee, Mrs. Zoe L. Irwin, now Pointer, executed a promissory note payable to the First National Bank in Decatur or order, and signed it "Mrs. Zoe L. Irwin, Admx. S. W. Irwin Est." The note was given after her appointment as administratrix of the estate of her husband, S. W. Irwin, in renewal of her personal note executed a few days before she was appointed. The proceeds of the original note were used to pay a debt of the decedent. The bank knew the purpose for which the money was borrowed and intended to extend credit not to appellee but to the estate she represented. Appellant, as receiver of the bank, brought this suit against appellee individually. Appellee defended, successfully in the district court, on the ground that she was not personally liable. But she did not plead or prove that she had the authority of the probate court to give the note on behalf of the estate. She makes no contention here that she had such authority, and it was assumed in the argument on both sides that in fact she did not. Besides, the burden was on her to show authority from the probate court if it was her intention to defend the suit on that ground. Error is assigned upon the giving of the peremptory instruction in her favor.

██ We agree with counsel for appellee that the note showed on its face that it was her intention to bind the estate of the deceased and not herself, and also that the bank accepted the note with intent to look only to appellee in her representative capacity for payment. If this were all, doubtless the judgment should be affirmed upon the authorities upon which she principally relies. Metcalf v. Williams, 104 U. S. 93, 26 L. Ed..665; Cotton v. Courtright, 215 Ala. 474, 111 So. 7. See, also, American Trust Co. v. Canevin (C. C. A.) 184 F. 657. In the first and last of the cited cases the agent had authority to act for his principal. In the other, the notes of the executors added nothing to the obligations of the estate, but merely evidenced the amounts owing to legatees. The trouble with the defense in this case is that appellee, merely because she was administratrix, had no authority to bind the estate to pay the note sued on. It is true generally that an administrator cannot, without the aid of a statute, create a liability against the estate which he represents; and that, if he undertakes to do so and fails for lack of authority, he is personally bound. Woerner's American Law of Administration (3d Ed.) § 356; Schouler on Wills (3d Ed.) § 2574; Smith v. Peyrot, 201 N. Y. 210, 94 N. E. 662; Carr v. Branch, 85 Va. 597, 8 S. E. 476; Howard v. Leete (C. C. A.) 257 F. 918. The reason for the rule is that the contracting parties are presumed to intend to enter into a valid, binding contract; and since the estate is not bound, in order to give life to the contract, it is necessary to hold the undertaking to be that of the personal representative. Taylor v. Davis, 110 U. S. 330, 4 S. Ct. 147, 28 L. Ed. 163. This rule of liability is recognized and enforced without qualification in Alabama, the state from which this case comes; and it has been applied in cases involving promissory notes. Whiteside v. Jennings, 19 Ala. 784; McCalley v. Wilburn, 77 Ala. 549. It is not impaired by the decision in Richardson v. Fields, 124 Ala. 535, 26 So. 981. There the note of the trustees of an incorporated college was held void on the ground that the trustees received no consideration, because the note was given in payment of an antecedent debt of the college. In this case there was consideration moving from the bank to appellee, for she received from it the amount of money represented by her note. The majority decision in the case of Grafton National Bank v. Wing, 172 Mass. 513, 52 N. E. 1067, 43 L. R. A. 831, 70 Am. St. Rep. 303, held that the executor's indorsement upon a renewal note given for a debt of the estate was not binding on him personally even though the estate was not bound. But we are unable to follow that decision since it stands practically alone and is opposed to the great weight of authority. It is provided by an Alabama statute that an administrator may, by authority of the probate court, give a note for the purpose of paying a debt of the deceased; and that upon doing so the liability thereon is not his, but becomes that of the estate. Alabama Code, § 5830. It was recognized by the court in Cotton v. Courtright, supra, upon which much reliance is placed by appellee, that if the executors had undertaken without authority of the probate court to create a debt or obligation against the estate they would have become personally liable. It is only by complying with the statute and receiving authority from the probate court to execute notes binding upon the estate that the administrator may escape personal liability upon his promissory note although it was signed by him in his representative capacity. Christian v. Morris, 50 Ala. 585.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

HUTCHESON, Circuit Judge (dissenting).

The difference I have with the majority resides not in the reasons advanced to support the opinion, but in the failure of the opinion to set the case out as it was tried, and as it stands before us. The majority opinion proceeds on the tacit, though unexpressed, assumption that the note was given without the authority of the probate court. Neither of the pleadings alleged this to be so, and not one syllable of evidence was offered on the point. Plaintiff merely sued on the note, saying nothing whatever about the estate, its liability, or its solvency. Defendant pleaded want of consideration moving to her; that the consideration of the note moved to the estate, and a definite agreement that she was not to be looked to for payment, that the estate alone would be. On the trial the plaintiff offered the note, proved that it had been given in renewal of a note given by the defendant before she had qualified as administratrix, the proceeds of which were used in settlement of liabilities of the estate, and that the defendant was appointed administratrix, was duly qualified, and is still acting as such. Plaintiff proved the agreement of the bank to look to the estate and not to her. No other proof was offered. The majority opinion makes no reference to, it ignores entirely, the express, the

undisputed agreement that defendant was not to be liable. Ignoring this, it proceeds on the assumption that appellee defended the note solely on the ground that she had added to her signature on the note, "Administratrix S. W. Irwin Est."

If the case stood thus, the majority would be right, for it is settled in Alabama that on a note so signed, nothing more appearing, the liability is personal to the signer, unless she shows that, executed as required by the statutes of Alabama, the note is in fact and in law the obligation of the estate. McCalley v. Wilburn, 77 Ala. 549; Whiteside v. Jennings, 19 Ala. 784.

The reason of this is that, apart from the statutes authorizing her to do so, an administratrix does not represent the estate to charge it with notes, and when she attempts, but fails to bind it, nothing else appearing, she stands personally charged, on notes signed by her on behalf, and for the benefit, of the estate. Conner v. Clark, 12 Cal. 169, 73 Am. Dec. 529; Winter v. Hite, 3 Iowa, 145; Studebaker Bros. v. Montgomery, 74 Mo. 101; Perry v. Cunningham, 40 Ark. 185; Kirkman v. Benham, 28 Ala. 501; Christian v. Morris, 50 Ala. 585; McLean v. McLean, 88 N. C. 394; Kerchner v. McRae, 80 N. C. 219; Carr v. Branch, 85 Va. 597, 8 S. E. 476.

But appellee did not defend on the ground that the addition to her signature of the words "Administratrix S. W. Irwin Estate" saved her from liability. She pleaded and proved an absolute, an admitted agreement made at the time and as a part of the whole transaction, of which the giving of the note was a part, that she was not to be personally liable, but that the estate, for whose benefit the debt was incurred, would be solely looked to. Her testimony was brief; it came in without objection; its truth was not questioned.

"I signed the note sued on. At the time the note was signed it was agreed that I was not to be personally liable, but the note was to be binding on the estate of S. W. Irwin. That the credit was given by the payee bank to the estate of S. W. Irwin deceased alone, and not to me, and it was agreed between us that the estate alone was to be looked to for the payment of the note, and I was not to be looked to for payment."

"The note sued on is a renewal note. I used the proceeds of the note to pay a debt of S. W. Irwin incurred by him in a cotton transaction."

This agreement and testimony, to which the majority opinion does not refer, gives the case a wholly different character; it operates to prevent recovery on the note not in contradiction but in explanation of it, by establishing that the agreement was only partly stated by the plaintiff when he sued setting out the note alone, and that when fully stated, it was not that defendant was, but that she was not to be, liable personally on the note. To hold defendant so liable, in the face of the positive agreement between her and the bank that she was not to be, is not to enforce the contract as the parties made it; it is to make a contract for them and enforce it not in accordance with, but contrary to their agreement. Such a fictional result, harsh, unjust, and unreal, is, I think, without the support of reason or authority. No case has been cited, none has been found, holding an administrator liable contrary to the express agreement that she was not to be, under circumstances like those here. In not a single one of the Alabama cases relied on in the majority opinion was the existence of such an agreement proved. They were all cases in which the defense was solely on the ground that the manner of signing showed the intention to bind the estate. They are not authority for this case. It is ruled by the principle uniformly established that an administrator signing a note describing himself as such, may by express and clear agreement that the estate is alone to be looked to, save himself from personal liability. Studebaker Bros. v. Montgomery, 74 Mo. 103. "An administrator, like any other trustee, will be held by his indorsement, although he add to his name the word 'executor' or 'administrator,' unless he say expressly that recourse is to be had not to him but only to the estate of the deceased." Id.

In Carr v. Branch, 85 Va. 597, 8 S. E. 476, 480, it is said that all persons acting en autre droit will be bound, notwithstanding the addition to the signature of the words "agent," "executor," "trustee," etc. "unless, indeed, it appear that the party so signing his name was recognized as contracting in his representative character when the contract was made, in which case he will not be personally bound. Taylor v. Davis, 110 U. S. 330, 4 S. Ct. 147 [28 L. Ed. 163]; Metcalf v. Williams, 104 U. S. 93 [26 L. Ed. 665]," while in Fay v. Day, 106 Neb. 370, 183 N. W. 565, 566, the rule is laid down generally that "a trustee who contracts, as such, is personally bound by the contracts he makes as such trustee, and if he desires to protect himself from individual liability on such contracts he must stipulate that he is not to be personally responsible, but that the other party is to look solely to the trust estate." Roger Williams

Nat. Bank v. Groton [Mfg. Co., 16 R. I. 504], 17 A. 170; 39 Cyc. 333.

Appellant in effect concedes that the defense would be well enough made out if the note had carried the agreement written into it. Conner v. Clark, 12 Cal. 170, 73 Am. Dec. 529, but argues that to import an agreement of nonliability by parol is to add to or vary it. He cites Conner v. Clark, supra. In that case parol evidence of an agreement of personal nonliability was rejected, but that case is not authority here. It went off on the broad ground taken in the cases cited on page 2 (see particularly the Iowa and Arkansas cases), that the administrator had there no power in law to bind the estate, and that therefore the note was and could only be, her personal note. In Alabama, on the contrary, ample authority in law exists to bind an estate, and it is bound if the steps required by the statute are taken to bind it. The parties in this case contracted in Alabama, and with reference to Alabama law. To say then that a contract purporting on its face to be made in a representative capacity, and which could in law be binding either upon the estate, or personally, or both, according to the actual agreement of the parties, is varied by testimony showing the full purport of that agreement, is unsound. It is not in accord with the weight of authority. Schmittler v. Simon, 114 N. Y. 176, 21 N. E. 162, 11 Am. St. Rep. 621. It is certainly not in accord with Alabama law. Cotton v. Courtright, 215 Ala. 474, 111 So. 7, 8;[1] Holczstein v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409, 416.[2]

What results from the majority opinion is that, though neither party believed it important to the case as pleaded to make proof of whether the estate had actually been bound in accordance with Alabama law, or whether the estate was in funds at the time the note was given, to which defendant could look if bound

to pay, so as to give the note a supporting consideration as to her, Bank of Troy v. Topping, 9 Wend. (N. Y.) 273; Id., 13 Wend. (N. Y.) 557; Boyd v. Johnston, 89 Tenn. 284, 14 S. W. 804, the case is decided on the assumption that these matters, at least as to the liability of the estate, had been tried out and established in the court below adversely to defendant. What was established, what was found, was that defendant was not liable on the note for that "though it embodied a prima facie personal liability on the maker" she had shifted this liability by pleading and proof, showing that it was not "intended to operate as a personal obligation of the party signing." Cotton v. Courtright, supra.

The District Judge was right. His judgment should be affirmed. I dissent from the judgment of reversal.

---

[1] "Where a note imparts a prima facie personal liability on the maker, this liability may be shifted by pleading and proof; that is, when it is doubtful from the face of the contract not under seal whether it was intended to operate as a personal obligation of the party signing. Briel v. Exchange Nat. Bank, 172 Ala. 475, 55 So. 808; Sales-Davis Co. v. Henderson-Boyd Lbr. Co., 193 Ala. 166, 69 So. 527; Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620, 75 So. 284; Barnes v. Ball, 209 Ala. 618, 95 So. 812; Little v. People's Bank, 209 Ala. 620, 96 So. 763."

[2] Under the law of Holczstein v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409, 416: "Where it is doubtful from the face of the contract, whether it was intended to operate as the personal engagement of the party signing it or to impose an obligation upon some third person as his principal, parol evidence is admissible to show the true character of the transaction." Spencer v. Blanke Mfg. & Supply Co., 220 Ala. 350, 124 So. 904; Briel v. Bank, 172 Ala. 475, 55 So. 808; section 9048, Ala. Code.