STANTON NATIONAL BANK, APPELLEE, V. CHARLES H. SWALLOW, APPELLANT.

FILED APRIL 16, 1925.    No. 23014.

1. **Trusts:** PROMISE BY TRUSTEE. A promise by a trustee is his personal obligation, unless he stipulates to the contrary and makes the trust estate the sole recourse of the other party.

2. **Parol Evidence:** SUBSTITUTED CONTRACT. A written contract for the sale and purchase of a tract of land may be shown by parol to have been substituted by the parties for a former written contract between the same parties for the sale and purchase of a different tract of land.

3. ———: ———: CONSIDERATION. It may be shown by parol that part of the consideration for the substitution of a new land contract for a former one was an oral promise by the vendor to pay a purchase-money note accepted by him under the former contract, but which he sold in the meantime and indorsed without recourse.

4. **Statute of Frauds:** ORAL PROMISE: CONSIDERATION. An oral promise by a vendor of land to pay a promissory note accepted by him as part of the purchase price, but which he subsequently transferred to an innocent holder, is not a promise to answer for the debt of another within the meaning of the statute of frauds, where the oral promise was based on a new, independent and valuable consideration.

5. **Principal and Agent:** CONTRACTS: RATIFICATION. In an action on a promise made by an agent in the name of his principal, proof that the agent was authorized in advance to make the promise is unnecessary, where it is shown by competent evidence that the principal, with full knowledge of the facts, made the promise his own by accepting and retaining the consideration therefor.

6. **Contracts:** ENFORCEMENT BY PARTY IN INTEREST. A promise by one contracting party to another for the benefit of a third person

may be enforced by the latter in an action in his own name, though the consideration did not move directly from him.

7. Judgment: RES JUDICATA. The mere dismissal of a case as to a defendant against whom no cause of action has been stated in the petition is not available as a defense in a subsequent action against the same defendant on an obligation not pleaded in the former case.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Burkett, Wilson, Brown & Wilson* and *Reavis & Beghtol,* for appellant.

*George A. Eberly* and *Fred C. Foster, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and THOMP-SON, JJ., and SHEPHERD, District Judge.

ROSE, J.

This is an action on an unperformed oral promise, in connection with the purchase of two tracts of land in Texas, to take up or pay a promissory note for $6,500, dated October 22, 1919, and payable December 22, 1919. By purchase in good faith November 7, 1919, the Stanton National Bank, plaintiff, became the holder of the note. Charles H. Swallow is defendant. Plaintiff, though not a party to the transactions resulting in the execution and delivery of the note nor to the alleged oral promise by defendant to pay it, claims that, for a new and valuable consideration, the promise was made and that it inures to plaintiff's benefit. W. J. Patterson was maker and C. H. Swallow & Company payee. Not long after the date of the note it was indorsed thus: "Without recourse.  C. H. Swallow & Co."  In this form Ervin Nye, an agent of payee, received it, sold it to plaintiff November 7, 1919, and remitted to defendant net proceeds to the extent of $6,200.

The alleged oral promise by payee Swallow to pay the note after he had indorsed it "without recourse" grew out of the following transactions and circumstances: October 22, 1919, Patterson executed and delivered the note to payee

in part payment of the purchase price of 40 acres of land
in Texas. Patterson was named in the land contract, which
was in writing, as vendee, and C. H. Swallow & Company,
"An Express Trust of Hidalgo County, Texas," as vendor.
The written terms of sale were as follows: Consideration,
$18,000; first payment, $9,000, consisting of a check for
$2,500 and a note for $6.500—the note in controversy; re-
mainder in five equal annual instalments evidenced by
promissory notes secured by vendor's liens on the land pur-
chased. Patterson was a farmer residing at Pilger, Ne-
braska. He inspected the land before agreeing to pur-
chase it. On his way home from Texas he signed the sale
contract on the train. He made the trip to and from Texas
with a party of prospective purchasers accompanied by
selling agents with whom he dealt. The principal office of
vendor was in Lincoln, Nebraska. Ervin Nye, who sold the
6,500-dollar note to plaintiff and remitted the net proceeds
to Swallow, was the latter's agent at Stanton, Nebraska.
John T. Smith and H. R. Ryan were vendor's agents at
Sioux City, Iowa. The petition, in substance, contains
pleas that Patterson visited the Sioux City agency Febru-
ary 2, 1920, and then and there entered into an arrange-
ment for the substitution of the 40-acre purchase for the
purchase of other Texas land consisting of a 20-acre tract;
that the substituted agreement was partly reduced to a
writing which disclosed the following terms: Consideration
or purchase price, $9,000; first payment, $3,600, being
$2,500 paid October 22, 1919, and a check for $1,100; re-
mainder of $5,400 payable in six equal annual instalments
evidenced by promissory notes secured by vendor's liens on
the 20-acre tract purchased; that Patterson paid, and Swal-
low received, the new and additional consideration of
$1,100, agreeing to apply also on the second contract the
2,500-dollar payment on the first, to take up the 6,500-
dollar note, which in the meantime he had sold and indorsed
"without recourse," and to surrender the old contract.
Plaintiff as an innocent purchaser of the latter note de-
manded judgment against Swallow on his promise to pay

it. This is a mere outline of plaintiff's case. Though assailed by demurrer, the petition states a cause of action.

In addition to a general denial, defendant pleaded the statute of frauds and a former adjudication in his favor. The trial court submitted the issues to a jury and on their verdict a judgment was entered in favor of plaintiff for the full amount of its claim. Defendant has appealed.

The paramount error, as the record is reviewed by defendant, was the failure of the trial court to direct a verdict against plaintiff on motion of defendant. Under this head it is argued that there is nothing to show that the promise of Charles H. Swallow & Company, "An Express Trust of Hidalgo County, Texas," was the individual obligation of Charles H. Swallow; that there was no evidence to submit to the jury on the issue of defendant's agreement to pay the 6,500-dollar note; that any such agreement, if made, would be an oral promise to answer for the debt of another and as such would be unenforceable under the statute of frauds; that the contract to purchase the 20-acre tract was reduced to writing and contained no agreement on the part of defendant to pay the note in controversy, and that oral proof of such a promise was inadmissible for the reason that it would vary or contradict the written instrument; that plaintiff failed to prove that defendant, either by himself or his duly authorized agents, made such a promise for a valuable consideration at Sioux City, February 2, 1920, and that authority of the agents to make the promise on which the action is based was not shown.

Each of the positions thus taken by defendant seems upon examination to be untenable. For the purposes of this case "Charles H. Swallow," defendant, and "Charles H. Swallow & Company, An Express Trust of Hidalgo County, Texas," are identical. The record contains a copy of the declaration of trust. It shows that Charles H. Swallow conveyed to himself and another as trustees extensive interests in land, including title to the tracts described in the petition, and authorized the trustees to manage, sell and convey the trust property in the name of C. H. Swallow &

Company. In the land contracts there was no stipulation protecting Charles H. Swallow from personal liability by making the trust estate the sole recourse of Patterson. The principles of law applicable to the facts are as follows:

"When a trustee contracts as such, unless he is bound no one is bound, for he has no principal. The trust estate cannot promise; the contract is therefore the personal undertaking of the trustee. As a trustee holds the estate, although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such. The mere use by the promisor of the name of trustee or any other name of office or employment will not discharge him."

"If a trustee contracting for the benefit of a trust wants to protect himself from individual liability on the contract, he must stipulate that he is not to be personally responsible, but that the other party is to look solely to the trust estate." *Taylor v. Davis*, 110 U. S. 330.

This view of the law was recently adopted in *Fay v. Day*, 106 Neb. 370, and is authority for holding that defendant did not escape any liability to plaintiff by transacting business in the name of the trust.

Objections to oral testimony under the statute of frauds sometimes result in subtleties which almost defy analysis, but the arbitrary rule of the legislature should not be unnecessarily employed to conceal or defeat honest obligations fairly assumed for value received.

The two written instruments evidencing the sale and purchase of two separate tracts of land in Texas, one dated October 22, 1919, and the other February 2, 1920, do not necessarily exclude oral proof that the second was substituted for the first. With outstanding obligations of $15,500, Patterson, according to oral proofs, told the agents at Sioux City that he was unable to make the payments on the 40-acre contract, and that he would agree, instead of it, to enter into another contract for 20 acres and to make thereon a new payment of $1,100, if vendor would apply

also on the substituted purchase the previous payment of $2,500 on the 40-acre tract, take up the 6,500-dollar note and surrender the original contract. To these terms the agents of Swallow, acting for him, agreed. Pursuant thereto Patterson paid, and Swallow received and retained, the new consideration of $1,100. The substitution of the new contract, which could be performed, for the old contract, which could not be performed, and the new mutual promises, payments and liens were valuable considerations for the oral promise to pay the note in controversy. The writings show on their face that the new instrument follows generally the language of the old—a partly printed and partly written form of Swallow & Company containing no provision for the substitution of one contract for another. Under date of February 2, 1920, the new writing evidencing the purchase of the 20 acres of land reads in part:

"Said purchaser has this day purchased said described real estate from the said company and for himself and his legal representatives hereby covenants and agrees that he will pay the said company * * * $9,000 for said described real estate at the time and in the manner as follows: $2,500 paid October 22, 1919, a first payment in the sum of $3,600, being check or draft for $1,100."

It took the two payments, $2,500 October 22, 1919, and $1,100 February 2, 1920, the former on the first contract and the latter on the second, to make what is described in the foregoing excerpt as "a first payment in the sum of $3,600." The date and the amount of the 2,500-dollar item correspond to terms of the original instrument. What the parties meant by the written promise of Patterson, February 2, 1920, to pay the $2,500 which he had already paid October 22, 1919, the receipt and the credit of that sum on the new contract and the real consideration for the acknowledged receipt of the additional payment of $1,100 were open to oral explanation. Parol testimony is often admitted in evidence to prove that the grantee in a deed orally promised to pay an outstanding incumbrance as a part of the consideration for the land purchased by him. By analogy

parol evidence was admissible to show that Swallow orally promised to pay the note as part of the consideration for the substitution of the old contract of sale for the new and as part of the consideration for the sale of the second tract, as well as for the new payments and the new vendor's liens, since the transactions included in effect a repurchase by Swallow of the 40-acre tract which he had sold to Patterson.

Was the agreement to pay the note an unenforceable oral promise to answer for the debt of another? Though Patterson, as maker of the note, was individually liable thereon to plaintiff, an innocent holder, Swallow, who was not liable on the note itself after he had indorsed it "without recourse," bound himself by a subsequent, independent promise, for a new and valuable consideration, to pay it. Under principles often announced, the obligation was a promise to pay the individual debt of the promisor, and was not, therefore, within the statute of frauds. Comp. St. 1922, sec. 2458.

Is the evidence insufficient for want of proof that the agency at Sioux City had never been authorized in advance to bind Swallow by an oral promise to pay the 6,500-dollar note? The new contract was signed on behalf of vendor as follows: "C. H. Swallow & Company, by John T. Smith, Sales Manager." Smith was present during the negotiations at Sioux City. H. R. Ryan, another agent of Swallow, was also present. Asked to repeat a conversation in reference to the 6,500-dollar note, Ryan testified without objection:

"It was agreed by Mr. Smith that the contracts on the 20 acres would be presented to Swallow & Co., and that if accepted the $6,500 note would be taken care of by Swallow & Co."

Swallow was fully informed in regard to the terms of the substitution, including the oral promise. This is shown by documentary evidence. Letters written by Swallow himself show that he afterward retained the new consideration of $1,100 which he had received as payment on the

20-acre tract and subsequently exercised dominion over the 40-acre tract by reselling it. He thus made the oral promise his own, and consequently proof that the agents had authority in advance to make it for him was unnecessary. The trial court made no mistake in overruling the motion of defendant to direct a verdict in his favor. The judgment is sustained by the evidence.

The right to maintain the action is questioned on the ground that plaintiff was not a party to or a beneficiary under the oral promise. Plaintiff was an innocent holder of the note and the promise of defendant to pay it inured to the former's benefit. The action is maintainable under the rule that a promise by one party to another for the benefit of a third person may be enforced by the latter in an action in his own name, though the consideration did not move directly from him.

One of the assignments of error is directed to an order striking from the answer a plea of former adjudication. The present action was prosecuted to judgment in the district court for Lancaster county. The answer herein shows that plaintiff, in a former case in the district court for Wayne county, procured a judgment against Patterson on the note in controversy. The former case was a suit against the maker by the holder of the note to recover the amount due thereon, and the latter is a suit on a subsequent oral promise to pay the note—a promise to another party for a different consideration. In addition to Patterson, the petition in the district court for Wayne county named Charles H. Swallow and Charles H. Swallow & Company as defendants, but no cause of action against them was stated, and as to them the case was dismissed without prejudice. The dismissal was not an adjudication of the matters now in controversy. It follows that the plea of former adjudication was properly stricken from the answer. No error appearing in the record, the judgment below is

AFFIRMED.

Note—See Trusts, 39 Cyc. 333, 334.